## RONEY *vs.* THE STATE OF GEORGIA.

1. This case arose out of the same homicide as that involved in the case of *Hudson vs. The State* (decided to-day), and the ruling in that case as to the sufficiency of the evidence to sustain the finding applies in this.
2. There was no error in charging that, if the defendant and her brother conspired together to kill the deceased, and went to where he was, and in pursuance of such common intent, she engaged in a violent and unlawful attack upon the deceased, and continued so

engaged until her brother shot him, and all of this was done to carry out and consummate a common intent formed between them to kill the deceased, then she would be guilty as a principal.

May 1, 1886.

Criminal Law. Murder. Before Judge CLARKE. Early Superior Court. September Adjourned Term, 1885.

Reported in the decision.

R. H. POWELL; W. O. BUTLER, for plaintiff in error.

CLIFFORD ANDERSON, attorney general; J. H. GUERRY, solicitor general, by E. C. BOWER, for the state.

HALL, Justice.

The defendant here was jointly indicted with Willis Hudson, for the murder of which he was found guilty and sentenced to death. She was also convicted upon substantially the same evidence that led to his condemnation, and by the recommendation of the jury that tried her, was sentenced to imprisonment for life in the penitentiary. She made a motion for a new trial, which was refused. Besides the general grounds that the verdict was contrary to law and evidence, etc., she alleges that the court erred in charging the jury, in substance, that if she and Willis Hudson conspired together to kill deceased, and went to where he was, and in pursuance of such common intent, she engaged in a violent and unlawful attack upon deceased, and continued so engaged until the shooting occurred, and that all this was done to carry out and consummate the common intent formed between her and Hudson to kill deceased, then she was guilty as a principal in the offense charged.

1. What has been determined in *Hudson's* case disposes of the general grounds taken in this motion. It was there held that there were facts in evidence from which a common intent on his part and that of his co-defendants to kill de-

ceased might be inferred. In this case, there was some direct evidence going to establish the conspiracy between them to take the life of the deceased, or at least to inflict upon him a serious injury.

2. In what the error in the charge complained of consists is not specifically pointed out, and we are of opinion that none could be specified. Abstractly considered, the charge is unexceptionable, and we are satisfied that it was directly applicable to the facts in evidence, and fully warranted by the case as made. According to the definition in the Code, §4305, of a principal in the first degree, and the distinction therein pointed out between principals in the first and second degrees, the defendant occupied to this transaction the former relation. She did not aid and abet merely the act done either by her actual or constructive presence, but actually participated in the doing thereof by the part she took in it; she was one of the principal actors in, or actual perpetrators of, the fact done. Wharton's Am. Cr. L., §§112 and 113, and citations of authorities, together with *Hately's* case, 15 *Ga.*, 346, and *Hawkins'* case, 13 *Id.*, 322, are fully upon the point, and appear to us to sustain the charge complained of.

Judgment affirmed.