## SMITH v. THE STATE.

1. A statement that the accused intended thereafter to do a particular thing, made at the time of and in connection with certain other statements as to a past fact, shown to have been false, does not remove from the accused the consequences which the law attaches to false representations made with intent to deceive, and by which one is defrauded and cheated. This is true notwithstanding the representation as to what the accused intended to do was a part of the inducement under which the defrauded person parted with his money.
2. The jury were authorized to find, as they did, that the representations proved in this case meant that the son of the defrauded person had sent word to the latter to let the accused have a sum of money for and on account of the son.
3. The evidence was sufficient to make out a case of cheating and swindling under the statute. The trial judge committed no error in charging the jury as complained of, nor in overruling the motion for a new trial.

Argued October 22, — Decided November 14, 1902.

Accusation of cheating and swindling. Before Judge Taliaferro. City court of Sandersville. August 12, 1902.

*J. A. Robson*, for plaintiff in error.
*J. E. Hyman, solicitor*, contra.

LITTLE, J. Smith was indicted for cheating and swindling. The evidence in behalf of the State sustained the details of the charge as laid in the accusation, and was to the following effect: On a day named the accused came to the house of the prosecutor and told him that L. E. Sheppard, a son of the prosecutor, said for him (the accused) to tell the prosecutor, or the person from whom he got a wagon, to let him have one dollar and seventy-five cents; that he (the accused) wanted to pay rent to the man he was moving from; that the prosecutor, relying upon that statement, and believing that the accused was then on his way to his son's place,

let the accused have two dollars, and looked to his son to pay it. The prosecutor testified that he would not have let the accused have the money if the latter had not told him that he was going to move on his son's place, and that "he, my son, told him to tell me to let him have the money. I did not lend him the money; he never asked me to lend it to him," etc. The defendant, in substance, stated that the prosecutor loaned him the money on his application; that he was prevented by sickness of his wife from moving, etc.

1, 2. It did not require any forced construction for the jury to find, as they undoubtedly did, that the representation meant that L. E. Sheppard had sent the accused to his father, the prosecutor, with a request to let the accused have a wagon for the purpose of moving, and at the same time let him have the sum named on his son's credit; for if Sheppard (the son) really did these things he would undoubtedly have been liable both for the wagon and the money. The request amounted in law to nothing more than an order so to do, which if accepted and performed would fix liability on the maker of the order. The validity of such an order would not be affected by the fact that it was not in writing. A writing would only render the terms of the request or order more definite, and more easily proved in case they were contested. If we assume that the language used by the prosecutor in his evidence amounted to an understanding on his part that the accused at the time he got the money promised to move on his son's place, and if we accept the evidence as showing that the prosecutor would not have advanced the money but for the fact that he believed the promise would be kept, the representation that the son requested him to let the accused have the money remains unaffected. The result of the evidence is that the prosecutor let the accused have the money on the faith of the request of his son, but notwithstanding that request, he would not have let him have it had he not believed that he was going to move on his son's place. Undoubtedly the fact that the accused was so going to move operated as a part of the inducement to furnish the money; and although this was so, the representation that the son requested that the money should be so advanced was as much, if not a greater, inducement. The representation was shown to have been falsely made. A conviction under such circumstances is not contrary to law. *Thomas* v. *State,*

90 *Ga.* 437.　See also the authorities cited on page 441 of the same volume.

3. The trial judge did not err in his instructions to the jury as set out in the motion.　The evidence was sufficient to support the verdict, and the judgment overruling the motion for a new trial is

*Affirmed.　All the Justices concurring, except Lumpkin, P. J., absent, and Candler, J., not presiding.*