### RIGGINS v. THE STATE.

An indictment charging one with the offense of being an accessory before the fact to the offense of simple larceny (a felony), in that he did counsel, command, and procure another to commit such larceny, is not supported by evidence showing that the person so accused was himself guilty as the absolute perpetrator of the offense ; and in the absence of evidence sufficient to show

that the accused did so counsel, command, or procure the commission of the crime as charged a verdict of guilty is not supported.

The verdict in the present case was contrary to the evidence, and the trial judge erred in overruling the motion for a new trial.

Argued October 23,—Decided November 14, 1902.

Indictment for larceny.   Before Judge Henry.   Floyd superior court.   September 6, 1902.

*J. Santie Crawford*, for plaintiff in error.
*Moses Wright, solicitor-general*, contra.

LITTLE, J.   Riggins was indicted for the offense of being accessory before the fact to the crime of simple larceny.   The specific charge is, " that the said Charley Riggins,   .   .   being absent at the time of the commission of the crime, did procure, counsel, and command one Charley Hill" a certain mule described and of a named value to unlawfully take and carry away "with intent to steal the same."   The accused was put on trial, and the jury returned a verdict of guilty.   He made a motion for a new trial on the grounds that the verdict was contrary to the law and the evidence, which being overruled, he excepted.   The evidence tended to show the following as the facts relating to the charge made against the accused :   It was admitted that Hill had been indicted for the larceny of the mule, and had been tried and convicted. Adolphus Riggins, the owner of the mule, testified as to the larceny from his stable; that some time afterwards he ascertained, through information furnished by Hill, where the mule was, and secured its return.   A witness, Rosa Saylor, said that just before the mule was stolen she saw Hill and the accused together at the house of the latter, and heard them talking, and that Hill said he was going to get the mule; that this was the night the mule was stolen; that after that Hill asked the accused where the mule was, and the accused told him that it was in Dolph Riggins's stable; that subsequently Hill got a bridle and went off, and the next day Dolph Riggins was looking for his mule, and the accused helped him to hunt for it.   Hill was introduced as a witness for the State, and testified that Riggins asked him if he would go and sell the mule, which he finally consented to do; that he was instructed by the accused to sell it for the best obtainable price, and that the first he saw of the stolen mule was when he was at the house of the accused and came out in the yard, and the accused had it out there

hitched to a post. There was no issue as to the fact that the mule was stolen, and no question raised that Hill had carried the mule away and sold it. The point insisted on in his brief, by counsel for plaintiff in error, is that there was no evidence to support the testimony of the accomplice, Hill. We think, however, that this question can hardly arise, for the reason that the accused was indicted as being accessory before the fact, while none of the evidence showed that he occupied that relation to the larceny. It is true that the evidence of the witness Rosa Saylor was to the effect that prior to the larceny Hill and the accused were talking about the mule, and the latter told the former where the mule was; and it is also true that it was shown that the accused assisted the owner of the mule in looking for it the day after the larceny; but this evidence is not inconsistent with the fact that the accused was, with or without the co-operation of Hill, the absolute perpetrator of the offense, while the evidence of Hill, who was introduced as a witness for the State, shows absolutely that the accused was guilty of a larceny, while he, Hill, occupied the relation of an accessory after the fact. Under no view of the evidence, then, could the accused have been convicted of the offense of counseling, commanding, and procuring Hill to steal the mule; and if he could not, the verdict finding him so guilty was contrary to the evidence in the case.

One who is guilty of the commission of a crime as principal in the first degree commits an entirely distinct offense from that of an accessory before the fact, and one indicted as an accessory can not be convicted on evidence proving him to be " present aiding and abetting at the fact." 1 East's P. C. 352; Leach's Crown Law, 515. In the case of *Hately* v. *State*, 15 *Ga.* 346, it was ruled that " He who procures, counsels, commands, or incites his clerk or agent to commit a crime, in his absence, is guilty as an accessory *before* the fact, and can not be convicted upon an indictment which charges him with having jointly, with his clerk, committed the offense as principal." In other words, one who counsels, commands, or procures another to commit a crime, but is absent at the time of its commission, is not a principal, and can not be convicted as such. In some of the States the distinction has been abolished, and many decisions can be found which seem somewhat to confuse the principle upon which the distinction between the two offenses rests; but in the cases which have come under our observation where this is

true, they deal with facts showing that, as the result of a conspiracy, all the persons charged were the absolute perpetrators, and where the persons charged as accessories were declared to be present aiding and abetting the commission of the crime. In the present case, however, the indictment distinctly alleges that plaintiff in error was absent at the time of the commission of the crime; that his guilt consists only in having counseled, procured, and commanded said crime to be done. A verdict rendered on evidence that he was the actual perpetrator of the crime does not support the charge made in the indictment; and in the absence of evidence that the accused counseled, procured, or commanded the crime to be committed such verdict can not be sustained, because it is contrary to the evidence.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., absent, and Candler, J., not presiding.*