### 27598. SAMPSON *v.* THE STATE.

DECIDED JUNE 8, 1939. REHEARING DENIED JULY 29, 1939.

*Clifford E. Hay*, for plaintiff in error.

*George R. Lilly*, solicitor-general, *C. E. Gregory Jr.*, contra.

GUERRY, J.   The indictment charged the defendant with buying and receiving from E. R. Knox and Howard Stamey one Oldsmobile radio, one Oldsmobile automobile electric clock, and one Oldsmobile automobile horn, of the value of $109, the personal property of Z. H. Storey, said property having been stolen by Knox and Stamey from a certain 1937-model Oldsmobile two-door sedan automobile belonging to Storey, knowing at the time when he bought and received the goods that they were stolen.   Knox and Stamey had pleaded guilty of the theft of the automobile which had been equipped with the stolen goods, and said plea of guilty had been entered at the October term, 1937, of the superior court of Turner County; it being alleged that the goods so received by the defendant were a part and parcel of the automobile stolen by Knox and Stamey and to which theft they had pleaded guilty. The defendant demurred to the indictment, on the ground that it failed to allege where and when the property which the accused was alleged to have bought was stolen, whether in Thomas County or some other county, or whether it was within the period of the statute of limitations.   He further demurred to the allegation that the defendant knew the goods were stolen at the time he received them, on the ground that it was a mere conclusion, and that no facts were alleged upon which such conclusion was based.

The court properly overruled the demurrers.   The crime of receiving stolen property is a separate crime.   Knowledge that the goods are stolen is an essential element.   The place where the stolen goods were received fixes the venue.   It was alleged that the goods were received in Thomas County on September 3, 1937. "It was not material to allege that the breaking and stealing occurred in the county of the trial, if it were charged that the knowingly receiving was done there." *Licelte* v. *State*, 75 *Ga.* 253 (5-a). The time of the alleged reception of the goods is alleged, and that was within the period of the statute.   It was also alleged that the principal thieves had pleaded guilty in Turner County, Georgia. The fact of this indictment and plea is of itself a sufficient allega-

tion as to the statute of limitations not being operative. The plea or verdict of guilty as against the principals is prima facie correct, and is conclusive unless controverted by evidence. The indictment was practically in the language of the statute, and was not subject to the demurrer interposed. The allegation in the indictment that the defendant received the goods (automobile parts) knowing that they "were stolen when he bought and received them" is in the language of the statute, and is not a mere conclusion of the pleader. Knowledge, like intent, may be shown by circumstances, and it is not necessary to set out evidence to prevent such an allegation from being a conclusion of the pleader.

Complaint is made that on the trial the defendant was required to strike his jury from a list of twenty-four names on the panel, and was limited to seven peremptory challenges. It is insisted that the crime charged is a felony, that the punishment therefor exceeds four years, that the defendant was entitled to twenty peremptory challenges, and that the action of the court was a denial to him of a statutory privilege. The indictment charges in effect that the defendant bought from the principal thieves parts or accessories of an automobile which they had stolen, and to which theft they had pleaded guilty. Before 1916 the theft of an automobile itself was a simple larceny, punishable as for a misdemeanor. Since that time, as provided in the Code, § 26-2603, the theft of an automobile is a felony, punishable by imprisonment for not less than one nor more than five years. Undoubtedly one who receives an automobile which he knows has been stolen is also guilty of a felony. The theft of parts or accessories of an automobile is still simple larceny, and is punishable as for a misdemeanor, as provided in the Code, § 26-2625. The plaintiff in error contends that the provision of § 26-2620 that persons receiving or buying stolen goods shall be punished the same as the original thief should be interpreted to mean that the theft of an automobile or *any part* of an automobile should be treated as a felony, and that the receiving of any part of a stolen automobile constitutes such recipient a felon. Unless we accept this interpretation, there was no error on the part of the trial judge in treating the offense here charged as a misdemeanor. The Code, § 26-2603, makes the theft of an automobile, or other like vehicle, a felony. It does not make the theft of its parts a felony. The

fact that the principal thief stole the entire car does not make the receiver of an accessory, or part of it, guilty of a felony, because the theft of such part alone would not have constituted him a felon. There was therefore no denial to the defendant of any peremptory challenges to jurors to which he was entitled.

There is no merit in the contention that there was a variance between the allegata and the probata. The indictment alleged that the radio, horn, and electric clock were parts of a certain 1937-model Oldsmobile two-door sedan automobile which had been stolen, and that the principal thieves had entered a plea of guilty of such theft. This allegation was proved by the testimony of the owner of the car which was stolen, and also by the testimony of the principal thieves. It is insisted that the indictment against the principal thieves, to which they pleaded guilty, referred to "one Oldsmobile sedan automobile," and that there was no proof "of two doors" on said automobile, and that the word "sedan" imports four doors. It is shown beyond dispute, that, whether the automobile be of "two doors" (tudor) or not, the parts were taken from the automobile which was stolen in Turner County, and that but one automobile was involved, an Oldsmobile, 1937-model. It is alleged to have been a "two-door sedan," the property of Z. H. Storey. The principal thieves swore that they stole Storey's automobile, and pleaded guilty to its theft. Storey recovered it from their possession, and the parts taken therefrom from Sampson's possession. There is no dispute as to the identity of the car stolen, or as to the parts received being the parts alleged and described in the indictment.

The remaining assignments of error are without merit. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

ON MOTION FOR REHEARING.

GUERRY, J. The plaintiff in error insists strenuously that this court, by allowing this defendant to be tried for a misdemeanor instead of for a felony, has violated the letter and the spirit of former decisions of the Supreme Court and of this court. The *Licette* case, cited in the original opinion, is relied on in support of his motion. In that case the defendant was charged with receiving twelve sides of meat, knowing them to have been stolen from a freight-car which had been broken into. The Code, § 26-

2635, makes the breaking and entering of such car and stealing therefrom a felony. If the principal thief had taken only one side of meat, the crime was complete, and the accessory after the fact was subject to the same punishment as the principal. In *Black* v. *State*, 56 *Ga. App.* 371 (192 S. E. 654), the principal thieves were alleged to have been guilty of the offense of larceny from the house of goods in excess of the value of $50. Unless the *goods taken* by the principal thieves were of the value of $50, the offense would have been only a misdemeanor, and a person knowingly receiving such goods would have been guilty only of a misdemeanor. If the goods taken were of a value of $50 or more the entire taking was a felony, and the receiver of any part thereof would be subject to the same punishment as the principal. In the present case, as pointed out in the main opinion, the theft of an automobile as a unit is a felony. The theft of its parts is only a misdemeanor. Under the principle that the greater includes the less, one indicted for burglary, or larceny from the house, may be convicted of simple larceny. The theft of an automobile as a unit necessarily includes the misdemeanors that are a part thereof. The indictment and conviction of the principal are not elements in the crime of receiving stolen goods knowing them to be stolen, but they affect the time when, or the manner in which, the accessory can be tried, and are regulations affecting the trial. See *Ford* v. *State*, 162 *Ga.* 422, 426 (134 S. E. 95). While in the *Licette* case one who received one side of meat which had been taken from the car which had been broken and entered might be guilty of a felony, because the taking of one side of meat from the car after the breaking and entering was as much a part of the crime, and constituted every element of the crime, as much as did the taking of twelve sides, it does not follow, under the facts as alleged in the present indictment, that the receipt of a part of the automobile necessarily constituted such receiver guilty of receiving a stolen automobile as a unit. The principal thief could not have been convicted of a felony had he taken only the horn or the radio therefrom. Such being the case, we do not think one who receives such parts only could be convicted of a felony. We adhere to our decision as one consonant with the letter and spirit of the law. The defendant in this case has suffered no deprivation because he has been tried for a misdemeanor instead of for a felony.