### 28234. OWENS *v.* THE STATE.

DECIDED APRIL 18, 1940.

*W. H. Lasseter,* for plaintiff in error.
*Allan C. Garden, solicitor-general,* contra.

GUERRY, J. Alford Owens was convicted of passing to James Taylor a worthless check as defined in the Code, § 13-9933. The defendant contended that the check was given for a past-due in-

debtedness. Error is assigned on the general grounds only. James Taylor, the prosecutor, was operating a peanut threshing machine. The defendant was a tenant on the farm of Carl Brown. His brother, Shingler Owens, was also a tenant on Brown's farm. Peanuts were grown on the farm by both tenants who were sharecroppers. Alford Owens and Brown contracted with Taylor to bring his machine to Brown's farm and thresh the peanuts raised thereon. He was to be paid in cash when the work was completed. He moved there on October 15, and commenced work. He finished the work on October 21. He had been paid various amounts during that period for the work done. The peanuts were hauled away and sold as the work progressed. The prosecutor, when he had finished on the Brown farm Friday afternoon or night, moved his machine to another place. He was told at the time that when he had finished hauling the peanuts on Saturday the defendant would meet him in Ocilla and pay him "when the peanuts were sold." When the prosecutor went to Ocilla Saturday morning he met Brown and Shingler Owens, and they told him the defendant had the balance of his money for the peanut picking, and would meet him in Fitzgerald and pay him there. Taylor met the defendant in Fitzgerald, and the defendant paid him $11 in cash and gave him a check for $26.61, the balance due for threshing the peanuts. Alford Owens sold the remainder of the peanuts in Ocilla, either Friday night or Saturday morning, and kept out the part of the picking charges owed by Brown and Shingler Owens to Taylor for the threshing.

It will be seen that the relationship of landlord and share-croppers existed between Brown and the defendant and Shingler Owens. Under the evidence, each was to pay for his proportionate share of the peanuts threshed. Irrespectively of whether or not Taylor may have extended credit to the defendant for the paying for his share of the peanuts threshed, it appears without contradiction that Brown and Shingler Owens had each given to Alford Owens, before he gave the check to Taylor, the amount they, Brown and Shingler Owens, were due Taylor for the threshing of their part of the peanuts. This was in effect money entrusted by Brown and Shingler Owens to the defendant, to be paid to Taylor. When he gave and Taylor accepted a worthless check for this amount, or any part of this amount, there was a present consideration for the check. The

jury were authorized to find the defendant guilty. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*