28397. PARKER *v.* THE STATE.

DECIDED SEPTEMBER 18, 1940.

*Alton G. Liles,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, E. E. Andrews,* contra.

MACINTYRE, J. W. B. Parker was convicted of larceny of an automobile. His motion for new trial, based solely on the general grounds, was overruled, and he excepted.

The defendant made conflicting statements as to how he came into the possession of the automobile. The deputy sheriff testified that the defendant first made the statement "that he bought it from a salesman in Gainesville, but that he did not remember his name, and that he had traded in his car and had given ninety some odd dollars to boot." Then, after a few days, when the deputy

sheriff had definitely ascertained that the car was a stolen car, he saw the defendant again, and this time the defendant told him that he "got it from the Allen boy in Gwinnett County, and gave $19 to boot. . . He told me it was Guy Allen's boy, between Buford and Lawrenceville." At the trial the defendant, in his statement to the jury, said that he traded with Ralph Allen for a Chevrolet, and gave $10 "to boot." The defendant did not put Ralph Allen on the stand, but put up other witnesses who testified that they were present when the trade was made between the defendant and Ralph Allen. There were material variations between the testimony of the defendant's witnesses relating to the alleged sale between the defendant and Allen. For example, Tom Parker testified that the trade was made in the morning between 9 and 10 o'clock. Jack Holland testified that the trade was made between 2 and 3 o'clock in the afternoon. Tom Parker testified that the defendant and Allen left the place of sale together, about 9 or 10 o'clock in the morning after they had traded. Jack Holland testified that after having traded at 2 or 3 o'clock in the afternoon they left at different times, that Allen left first, and the defendant "stayed around there an hour or two" after they had traded. Some of the defendant's witnesses testified that the defendant was to give Allen $19 "to boot" between the two cars; whereas the defendant in his statement to the jury stated that he was to give Allen $10 "to boot." The conflict in the defendant's various statements, together with the conflict between the testimony of his witnesses and his statement to the jury, and the conflicts between his witnesses as to when and how he traded for the stolen automobile, and the other circumstances connected with the case, authorized the jury to say that the explanation of the defendant as to his recent possession of the stolen automobile was not satisfactory. *Tate* v. *State,* 47 *Ga. App.* 784 (171 S. E. 557) ; *Mitchem* v. *State,* 53 *Ga. App.* 280 (185 S. E. 367). The verdict of guilty having been approved by the trial judge, this court will not interfere with his discretion in refusing the grant of a new trial.

*Judgment affirmed.* *Broyles, C. J., and Gardner, J., concur.*