## 33909. THOMPSON *v.* THE STATE.

Decided January 31, 1952.

*Steve M. Watkins,* for plaintiff in error.

*Marcus B. Calhoun, Solicitor,* contra.

TOWNSEND, J. ■ The special grounds of the amended motion for a new trial are concerned with the admission of the checks into evidence, and the statement of the court in the presence of the jury, at the time he overruled the objection to their admission, that a corporation must necessarily act through its agents and officers, that such officers would know more than individuals as to what funds the corporation had in the bank, and that it would be a legal presumption that the officers would know what the bank had belonging to the corporation; the objections to the latter ruling being that it was contrary to law, misleading to the jury, and prejudicial to the rights of the defendant. These objections are not well taken. The issue here is whether the defendant, who held three of the offices of the corporation which bore his name, including that of treasurer, issued the checks with intent to defraud, knowing that there were no funds in the drawee bank sufficient to cover them. Granting that C. L. Thompson and Thompson Foundry Company are separate entities, and that in drawing the check the defendant acted as the agent of his corporate principal, "every person, agent or principal, is responsible for his criminal conduct, and cannot plead the authority or commands of a superior as a justification, unless the act be committed under coercion." *Hately* v. *State,* 15 *Ga.* 346 (3). "An officer or an agent of a corporation cannot shield himself from criminal responsibility for his own acts on the ground that they were done in his official capacity as an officer or agent of such corporation." *Bailey* v. *State,* 84 *Ga. App.* 839

(67 S. E. 2d, 830). The checks were properly admitted in evidence, and the statement of the trial court was not error for any reason assigned.

■ Counsel for the plaintiff in error contends in regard to the general grounds that the evidence is insufficient to form the basis of conviction, since it appears that the prosecutrix was an employee of the firm and had worked for it for stated intervals of time on credit; that her services for the intervals in question had been fully rendered before the checks were issued; and that the checks therefore represented "items of account rather than checks given for a cash consideration."

Code § 13-9933, which was enacted in 1924 (Ga. L. 1924, p. 194), is in language substantially identical with the previous act of 1919 (Ga. L. 1919, p. 220), which was later declared unconstitutional because of an insufficient caption. In a construction of the act of 1919 it was held in *Berry* v. *State,* 153 *Ga.* 169 (111 S. E. 669, 35 A. L. R. 370) that the intent to defraud is the gravamen of the crime, for which reason there could be no conviction upon evidence that the worthless check was issued in payment of a pre-existing debt owed by the defendant to the prosecutor, there being no intent to defraud the payee of any right, property, money or other thing of value, although the defendant falsely stated that there would be money in the bank to meet the check, and although his purpose in issuing it was to escape the duns of his creditors. This decision has been followed as applied to the act of 1924. See *McCard* v. *State,* 54 *Ga. App.* 339 (187 S. E. 850) ; *Driskell* v. *State,* 47 *Ga. App.* 741 (171 S. E. 389). In the latter case the prosecutor testified that "the defendant and I had been in the automobile repair business together and this check represented what he owed me," the amount owing constituting a past-due debt a part of which at least was for services, and in consequence being insufficient to form the foundation of a prosecution. Likewise, under a similar statute in force in Alabama, it was held in Phillips *v.* State, 24 Ala. App. 456 (136 So. 480), that the giving of a worthless check for salary earned at the time of its receipt showed no intent to defraud, the debt being admittedly past due. A contrary decision would undoubtedly be in violation of the constitutional prohibition against imprisonment for debt.

It does not appear that the case of *Owens* v. *State,* 62 *Ga. App.* 521 (8 S. E. 2d, 662), relied upon by the defendant in error, is applicable, since the worthless check in that case was given partly in payment of the debt. of two other persons who had already made available to the defendant the cash with which to pay their indebtedness, and had constituted him their agent to deliver such funds to the prosecutor.

The evidence failed to show an intent to defraud, for which reason the conviction of the defendant must be

*Reversed. MacIntyre, P.J., and Gardner, J., concur.*