40936. HOWINGTON v. THE STATE.

DECIDED SEPTEMBER 22, 1964—REHEARING DENIED OCTOBER 9, 1964.

*E. C. Stark, Marshall L. Allison,* for plaintiff in error.

*Clete D. Johnson, Solicitor General, William Hall,* contra.

HALL, Judge. 1. This evidence does not present a case in which the defendant's guilt was wholly dependent upon the inference arising from the defendant's possession of the stolen property shortly after the larceny, and the possession, as a matter of law, was explained by unimpeached, uncontradicted and undiscredited testimony, and there was no circumstance to supply a reason why the jury did not believe the explanation of possession offered by the defendant. The conflict between the defendant's first statement that he acquired the property from unknown persons whom he had never seen before, and his later statements

before the trial and his statement and the testimony of his witnesses at the trial, and the other circumstances in evidence, authorized the jury to find that the defendant's explanation of his possession of the stolen property was not satisfactory. *Stewart v. State,* 17 Ga. App. 827 (88 SE 715); *Tate v. State,* 47 Ga. App. 784, 786 (171 SE 557); *Moxley v. State,* 62 Ga. App. 512, 514 (8 SE2d 699); *Parker v. State,* 63 Ga. App. 249 (10 SE2d 720). Accord *Gibbs v. State,* 8 Ga. App. 107, 108 (68 SE 742); 52 CJS 935, § 110.

2. The trial court's charge on the subject of admissions by a criminal defendant was not error. *Timbs v. State,* 71 Ga. App. 141 (30 SE2d 290).

The trial court did not err in overruling the motion for new trial.

*Judgment affirmed. Nichols, P. J., and Russell, J., concur.*