## 41474. FREEMAN v. THE STATE.

ARGUED SEPTEMBER 9, 1965—DECIDED SEPTEMBER 21, 1965.

308

*Alton T. Milam, Ben S. Atkins,* for plaintiff in error.

*Lewis R. Slaton, Solicitor General, Carter Goode,* contra.

EBERHARDT, Judge. ■ Under the general grounds, of which special grounds 2 and 3 are but amplifications, it is insisted that since the State's case rests upon circumstantial evidence, there was failure to show any recent possession by the defendant of

the Ford Galaxie which he was accused of having stolen; that the showing relative to the top, quarter panel, steering wheel, etc., was at most a showing of (a) mere custody on his part as an employee of the man who leased and owned the place, (b) of *parts or accessories* as distinguished from the vehicle itself.

It appeared that one Prescott had leased the premises and procured from the City of Atlanta a license for the operation of the garage, but this did not preclude the jury from finding that the defendant had taken over operation of the garage since the lessee was incarcerated in Tennessee, or that he had independently engaged in an operation of his own at the premises. Defendant himself contended that he was independently making repairs at the garage on vehicles for his customers. Indicia of ownership or control in him were present. He was in charge, giving direction to those who helped. He had rented the "U Haul It" trailer on which he and a helper had just loaded the Mustang body for moving to some undisclosed destination. The papers and tag were found about or near a desk where defendant kept invoices and the like made out to him. Among the tools belonging to the defendant and found in the garage were acetylene torches, oxygen tanks, an air compressor, and a "jumper" wire— which the officers testified was of the type usually used by automobile thieves in taking a vehicle to which they have no key.

Moreover, even if Prescott were the owner of the business, "Every person, agent or principal, is responsible for his criminal conduct and cannot plead the authority or commands of a superior, as a justification, unless the act be committed under coercion." *Hately v. State,* 15 Ga. 346 (3). To the same effect, *Thompson v. State,* 85 Ga. App. 298 (1) (69 SE2d 206). The evidence supported the theory that the defendant, though he may have been in conspiracy with Prescott and others, participated in the theft and cutting up of the Galaxie automobile.

It is true that the theft of an automobile is a felony, while the theft of automobile parts or accessories is a misdemeanor (*Sampson v. State,* 60 Ga. App. 512 (2) (4 SE2d 290), but the proof in this case authorized the jury to conclude that the defendant had stolen the vehicle itself and later disassembled it. *Howington v. State,* 110 Ga. App. 452 (138 SE2d 677).

And see *Harris v. State,* 62 Ga. 337, where it was held that the presence of blood and swine hair on the defendant's premises, not satisfactorily explained, authorized a conviction of hog stealing.

■ In ground 1 of the amendment error is assigned upon the admission of the evidence relative to the loading of a portion of a Mustang body, identified by the owner as being a portion of a vehicle stolen from him, over objection that the defendant had been indicted and was being tried for the larceny of a Ford Galaxie automobile—a separate and entirely distinct offense and transaction.

This testimony was admitted for the limited purpose of showing knowledge, intent, good or bad faith and state of mind, and the jury was so instructed. It appeared that both vehicles had been recently stolen from the streets of Atlanta, and the portions of them found on the premises where defendant was operating indicated that both had been disassembled and cut to pieces with acetylene torches. In each instance a similar method, scheme and mode of operation appeared to have been used. In these circumstances the evidence was admissible. *Harden v. State,* 81 Ga. App. 638, 640 (59 SE2d 563) and cases there cited.

*Judgment affirmed. Nichols, P. J., and Pannell, J., concur.*