## 47174.   CROSS v. THE STATE.

ARGUED MAY 2, 1972—DECIDED MAY 23, 1972.

*E. Crawford McDonald,* for appellant.

*Robert B. Adams, District Attorney,* for appellee.

STOLZ, Judge. ■ *Code Ann.* § 26-1803, for the violation of which the defendant was convicted, provides as follows: "A person commits theft by deception when he obtains property by any deceitful means or artful practice with the intention of depriving the owner of said property. A person deceives if he intentionally: . . . (e) Promises performance of services which he does not intend to perform or knows will not be performed. Evidence of failure to perform standing alone shall not be sufficient to authorize a conviction under this subsection. 'Deceitful means' and 'artful practice' do not, however, include falsity as to matters having no pecuniary significance, or puffing by statements unlikely to deceive

ordinary persons in the group addressed." The appellant contends that the promise upon which his indictment was predicated was for the delivery of carpeting, which was not "services" within the purview of § 26-1803 (e), and that it related to the future, citing *Edge v. State,* 114 Ga. 113, 114 (39 SE 889) and cit. for the proposition that "false representations acted on by another, in consequence of which he was cheated and defrauded, must, to be the basis of a prosecution for cheating and swindling, relate either to the present or to the past, and that a promise relating to the future cannot be the basis of a prosecution for this offense." We do not agree. As to the first contention, the evidence showed that the agreement to sell and the obligation to install, which is a service, were parts of one inseparable agreement with the victim, Doyle. As to the second contention, the indictment was based upon subsection (e), relating to promises of future performance of services, not subsection (a), which carries over the former law as to cheating and swindling into the new Criminal Code, providing that "A person deceives if he intentionally: (a) Creates or confirms another's impression of an existing fact or past event which is false and which the accused knows or believes to be false."

■ The appellant cannot avoid his conviction because a portion of the representations which he made may not have been criminal, where they were made in connection with other representations which were found by the jury to have been criminal. *Suggs v. State,* 69 Ga. App. 383, 388 (25 SE2d 532) and cit.; *Smith v. State,* 116 Ga. 587 (1) (42 SE 766).

■ Nor could the appellant be exonerated by a finding that he acted as the agent of McMillan and/or the corporation, White Plains Carpet, Inc., absent evidence that he was acting under coercion upon the commands of his superior. *Freeman v. State,* 112 Ga. App. 307 (1a) (145 SE2d 44); *Thompson v. State,* 85 Ga. App. 298 (1) (69 SE2d 206).

■ The evidence summarized in the statement of facts hereinabove was sufficient to authorize the finding that

there was a conspiracy between the defendant and Mc-Millan to commit theft by deception by promising the installation of carpeting with no intention of performing these services or with the knowledge that they would not be performed, and that the defendant, whether as an agent of McMillan and/or the corporation or as a principal, committed such acts as constituted violation of *Code Ann.* § 26-1803 (e). The appellant contends that the conviction rests solely upon circumstantial evidence which does not exclude every reasonable hypothesis save that of his guilt, being consistent with "direct, uncontradicted, reasonable and unimpeached testimony" explaining his actions, citing *Pullen v. State,* 36 Ga. App. 600 (137 SE 574); *City of Summerville v. Sellers,* 94 Ga. App. 152, 158 (94 SE2d 69); and *Frazier v. Ga. R. & Bkg. Co.,* 108 Ga. 807 (1) (33 SE 996). Whatever inconsistent or contradictory testimony there was in this case, however, consisted mostly of that of the two parties directly implicated in the transactions involved, hence seriously impairing their credibility. As pointed out in the *Sellers* case, supra (3), cited by the appellant, "[w]here inconsistent or contradictory, the relative weight of direct testimony and circumstantial evidence is determined by the jury."

It follows that the court did not err in overruling the defendant's motions for a directed verdict, judgment n.o.v., and a new trial.

*Judgment affirmed. Bell, C. J., and Evans, J., concur.*