## 48838. STEEN v. THE STATE.

HALL, Presiding Judge. This appeal is from Isilene J. Steen's ("appellant's") conviction of simple battery committed upon Mrs. Cornelia Webb, while Mrs. Webb was a patient in an informal "nursing home" operated by appellant in her own home. Appellant was sentenced to one year's imprisonment.

At trial, the state's evidence tended to outline a Dickensian horror

story in which appellant took in Mrs. Webb, an elderly welfare recipient, purporting to offer care and shelter, and actually pocketed Mrs. Webb's welfare checks; forced her to labor in appellant's home and even to wash appellant's "automobiles"; beat her on the arm with a baseball bat and knocked her down; refused to release her to Mrs. Webb's niece, Rosetta Johnson, who concerned herself with her aunt's welfare; threatened Rosetta Johnson should she attempt to return to the home to discuss her aunt's status; later offered to release Mrs. Webb, but only in return for payment of $250 "ransom" for her; when the ransom was not paid refused to release her and did not release her until after two separate trips had been made by representatives of the Atlanta Police Department accompanied each time by a welfare worker to the Steen home with the intent forcibly to reclaim Mrs. Webb. In contrast appellant's testimony and evidence tended to show that she provided care and shelter in her home for infirm welfare recipients; and that here she was being victimized by the disordered delusions of Mrs. Webb, who was formerly a mental patient, who falsely accused her of the battery. Appellant testified that Mrs. Webb at no time wished to leave her, and threatened to run away if she were forced to leave the Steen home. She further testified that any amount of money upon which she conditioned the release of Mrs. Webb constituted unpaid boarding charges.

The appeal from denial of the new trial motion raises only the general grounds, and the thrust of appellant's brief and oral argument is that Mrs. Webb was too disoriented as a witness for her testimony to form a credible basis for conviction.

The basic credibility of witnesses and their competence to observe and report are peculiarly for determination by the jury. *Hensley v. State,* 228 Ga. 501 (186 SE2d 729); *Pinion v. State,* 225 Ga. 36 (165 SE2d 708). Had Mrs. Webb's testimony been the only evidence for the state, a more difficult case would have been presented. However, detailed testimony was given by Rosetta Johnson (Mrs. Webb's niece), by a representative of the State Welfare Department, and by an examining physician from Grady Hospital. The latter witness testified that Mrs. Webb's arm showed a total of three former fractures which, though not recent, could not definitely be included nor excluded from the time period during which Mrs. Webb was in appellant's care. Rosetta Johnson testified that she first noticed that her aunt had an injury or trouble with her arm during her stay at appellant's

home. The welfare representative testified that when Mrs. Webb was released from the Steen home her arm appeared to hurt her and presented a red appearance. Mrs. Webb testified that Mrs. Steen hit her on the arm with a bat. Mrs. Webb's testimony on the subject of the battery is not inherently unbelievable, though the transcript reflects disorientation in her courtroom statements including, for example, her statement that she had stayed with appellant for a hundred and one years, or perhaps a hundred and two years.

The relative weight of direct and circumstantial evidence is determined by the jury where there are inconsistencies or contradictions. *Cross v. State,* 126 Ga. App. 346 (190 SE2d 561). This case presented for the jury's resolution a strong conflict in the evidence, but an adequate composite of direct and circumstantial evidence to authorize the verdict. There was no error in denying the new trial motion.

*Judgment affirmed. Deen and Stolz, JJ., concur.*

Argued January 15, 1974 — Decided January 24, 1974.

*R. P. Herndon,* for appellant.

*Hinson McAuliffe, Solicitor, James L. Webb, Ernest J. Hughie, Frank A. Bowers,* for appellee.