## 50800. DAVIS v. THE STATE.

DEEN, Presiding Judge.

1. The motion to suppress evidence of automobile parts stripped from a stolen car and lying in plain view in the back of an open truck was properly denied. *Smith v. State,* 132 Ga. App. 691 (1) (209 SE2d 112). Where the defendant, driving at a fast clip, skidded into the highway in front of the peace officer's vehicle and immediately thereafter "broadsided" into a side road, the officer was within his rights in attempting to stop the vehicle and in following it when it did not do so. The driver, who is the defendant in this motor vehicle theft case, after about a half mile left the road and drove the truck through a corn field into a woods, jumped out and attempted to flee along with a passenger, and was shot and wounded. The defendant was taken to the hospital and the vehicle to the station house, where the automobile parts (hood, fenders, bumper, grill, etc.) were identified as parts stripped from a stolen car which had been discovered in the vicinity two days previously. Assuming, as contended, that this was a "search," it is not rendered illegal by the fact that this was not done at the point of detention. "There is little to choose in terms of practical consequences between an immediate search without a warrant and the car's immobilization until a warrant is obtained." Chambers v. Maroney, 399 U. S. 42, 52 (90 SE 1975, 26 LE2d 419) quoted in *Caito v. State,* 130 Ga. App. 831, 835 (5) (204 SE2d 765).

Additionally, the pursuing officer testified that he had previously discovered the stripped vehicle, and noticed car parts in the truck which appeared to match with it as the truck was turning off the highway ahead of him. For this additional reason there was probable cause for further investigation. *Wynn v. Caldwell,* 231 Ga. 763 (204 SE2d 143).

2. Where the defendant's guilt of theft of a motor vehicle is wholly dependent on the inference arising from possession of a part of the stolen car, and such possession is shown by uncontradicted and unimpeached testimony to be consistent with his innocence, the evidence is insufficient to warrant conviction. *Law v. State,* 106 Ga. App. 782 (128 SE2d 204); *Cox v. State,* 109 Ga. App. 797 (1) (137 SE2d 516). Where, on the other hand, other circumstances appear pointing in their totality to the guilt of the accused, a jury question may be presented. *Howington v. State,* 110 Ga. App. 452 (138 SE2d 677); *Freeman v. State,* 112 Ga. App. 307 (145 SE2d 44).

The vehicle was stolen in Hall County on the afternoon of February 12 and found off a dirt road in Lumpkin County the following day with the front end stripped, strongly suggesting that the thieves or their confederates had dismantled the vehicle within a few hours. The parts were found in the defendant's possession six or seven miles away, on February 15, two days later. The defendant testified that he and the companion in the car with him had been rabbit hunting on February 14 and found the parts piled up near a road, and had returned the following day to take possession of them. The men were friends and lived in the same neighborhood, as did their families. Both fled instead of stopping when signaled by the deputy sheriff. The defendant's companion then disappeared, and the defendant testified that he had tried unsuccessfully to have a subpoena served on him. Flight is a circumstance to be considered among others as evidence of guilt. *Smith v. State,* 122 Ga. App. 470 (177 SE2d 485). The unlikelihood that the car would have been stolen and immediately stripped, and the parts then abandoned near an open road, the flight when pursued by the sheriff, the absence of the only witness in a position to corroborate the defendant's explanation, and the

probability or improbability of the defendant wanting to possess the materials without showing any use to which he intended to put them, all rendered the credibility of the defense a jury question.

3. Motor vehicle theft is a form of theft by taking under Code § 26-1802. Therefore, under Code § 26-1811 venue may be laid in any county in which the accused exercised control over it. *Bell v. State,* 123 Ga. App. 739 (182 SE2d 344). Code § 26-1813 deals merely with the punishment for such theft but does not excise it from the general class named in Code § 26-1811. Where both the vehicle and the parts were found in Lumpkin County, venue was properly established.

4. Error is enumerated on instructions relating to recent possession of stolen property in which the court said that "such possession, if not explained by all of the evidence to the satisfaction of the jury consistent with the innocence of the defendant, may raise an inference of guilt." Does the phrase "all of the evidence" mean "the evidence as a whole," or would it be interpreted, as contended by the appellant, to mean that *all of the evidence* must be consistent with innocence before such inference would be rebutted? The court continued: "This is an inference that the jury may draw, but is not compelled to draw from the evidence, and is not an inference which the law draws from the facts." We do not think the language such as to mislead the jury into believing that they could not find the defendant's explanation satisfactory if they found conflicts in the evidence before them. This ground is without merit. Further, Enumerations 5, 6 and 7 deal with charges explaining the meaning of the terms parties to crime, sole or joint possession, and actual or constructive possession. The last of these was expressly withdrawn. In view of the defendant's testimony that he and a companion found the parts in the woods and later went together to retrieve them, these instructions were not inappropriate.

5. Enumeration 8 complains that the court charged that "if you find and believe that the defendant *is not guilty of any crime,* or if you have a reasonable doubt of his guilt, it would be your duty to acquit." The charge might well have been misleading under the circumstances.

Theft of motor vehicle parts is a separate crime from motor vehicle theft under Code § 26-1813, and one for which the defendant was not indicted. If the words "guilty of *any* crime" meant to the jury that they should convict of a crime other than that charged in the indictment, it would of course be error. The record shows, however, that this interpretation was not adopted. The jury returned with a question as to whether it had any discretion to alter or reduce "the charge in this case." The court replied that theft of a motor vehicle is a felony. The foreman then said, "It was regarding the situation — there was something in there about the possession of the parts as related to the car, I believe, and what the possibilities were relating to that." The court repeated the instruction on inference from recent possession, saying they must find an offense for which conviction could be had under the indictment, and the inference of guilt must be sufficient to identify the defendant as a guilty party and convict him of the crime under the indictment. Only motor vehicle theft was charged. It was clear that the jury was asking and the court replied that no lesser degree of larceny was involved. No reversible error appears.

6. Where a reducible felony is involved it is to the defendant's advantage, and he is entitled to have an instruction given the jury that they may recommend misdemeanor punishment, even in the absence of a request, and it is reversible error to fail to do so. *Moody v. State,* 216 Ga. 192 (115 SE2d 526). The situation still obtains under the present Code § 26-3101 which superseded Code § 27-2501. *Ezzard v. State,* 229 Ga. 465 (6) (192 SE2d 374). The court did not err in instructing the jury that they could make such recommendation, which "is not binding on the court, but will be considered." As a matter of fact the jury did make the recommendation and the court refused to follow it, but instead rendered the minimum felony sentence. In such cases the court must give the jury this option, but it places no onus on him to follow the recommendation forthcoming. It follows that the charge was without error.

*Judgment affirmed. Bell, C. J., Quillian, Clark, Stolz, Webb and Marshall, JJ., concur. Evans, J., dissents. Pannell, P. J., concurs specially in the dissent.*

ARGUED JUNE 30, 1975 — DECIDED SEPTEMBER 4, 1975 —
REHEARING DENIED OCTOBER 1, 1975 — 

*Robert E. Andrews,* for appellant.
*Jeff C. Wayne, District Attorney, Roland H. Stroberg, Assistant District Attorney,* for appellee.

EVANS, Judge, dissenting.

Defendant was convicted of theft of a motor vehicle (actually the parts of such vehicle); his motion for new trial was overruled, and he appeals to this court. The majority affirms.

I dissent from the majority ruling because of what I conceive to be three serious and grievous errors in the charge of the court. Two of the errors occur in Enumeration no. 10, and one of the errors occurs in Enumeration no. 8.

1. *Enumeration no. 10.* (a) The jury retired at 9:15 a.m. and returned at 11:55 a.m., and the foreman addressed the following question to the trial judge: Q. "It was regarding the situation . . . there was something in there about the possession of the parts as related to the car, I believe, and what the possibilities were relating to that?" The court answered as follows: "Well, the Court will give you this rule of law, which I believe will answer your question. If the jury finds under the rules given in charge that an offense for which a conviction could be had under the indictment was committed by someone, and that all or a part of the goods described in the indictment were recently thereafter found in the possession of the defendant on trial, *such possession, if not explained by all the evidence to the satisfaction of the jury consistent with the innocence of the defendant, may raise an inference of guilt sufficient to authorize the jury to identify the defendant as a guilty party and convict him of the crime under the indictment.* This is an inference which the jury may draw, but is not compelled to draw from the evidence, and is not an inference which the law draws from the facts. Now, Mr. Foreman and members of the jury, do you have any other inquiry that you wish to make?"

This was at a very critical stage of the trial as it was

evident the jurors were about to reach a verdict after considering the case for two hours and forty minutes, subject to clearing up this point. This was a most unfair as well as an incorrect charge. Surely the trial judge must have thought the jury wished to know what rules they might use in order to *convict;* and he proceeded to so instruct them, though the question itself does not indicate that was in the jury's mind. Not one word was said by the trial judge in his instructions about "innocence," or "acquit" — or "find him not guilty." The charge as given dealt entirely with how the jury might reconcile and square their consciences with the fact of *conviction.* Didn't the jury wish to know — and didn't the trial judge wish them to be instructed — as to how they might go about *acquitting,* or finding the defendant *not guilty?* Didn't the rule work both ways? Surely the jury wanted to know — and the learned trial judge should have known they wanted to know — by what rules they would *acquit* and by what rules they would *convict.* Finding defendant *not guilty* did not seem to be important to the trial judge at this important and critical phase of the trial, when the jury returned for further instructions after considering the case for two hours and forty minutes. This charge was argumentative and warrants a reversal and the grant of a new trial. *Hayes v. State,* 58 Ga. 35, 36 (9); *Bellamy v. City of Atlanta,* 75 Ga. 167 (1); *Thomas v. State,* 95 Ga. App. 699 (5) (99 SE2d 242).

(b) But the trial judge used certain language in this excerpt which is even more argumentative and prejudicial than the totality of the entire excerpt. The trial judge squarely placed upon the defendant the duty of explaining by *all the evidence* his possession of the stolen articles. His exact language was: ". . . such possession, if not explained *by all the evidence* to the satisfaction of the jury consistent with the innocence of the defendant, may raise an *inference of guilt sufficient to authorize the jury to identify the defendant as a guilty party and convict him of the crime under the indictment."*

This is even more argumentative and more prejudicial than the entire tenor of the excerpt, which we have pointed out did not even give voice to the possibility of acquittal. There were *two parties* to this litigation, to

wit, the State of Georgia, represented by its district attorney, and the defendant represented by his counsel. Defendant and his counsel had no control whatever over the district attorney and the evidence that he might and did introduce. The district attorney was striving as mightily as he could *not to introduce evidence that would explain the possession of the stolen articles was consistent with defendant's innocence.* It was his job, and he was doing his job, to introduce evidence to the contrary. The defendant's counsel alone was striving to introduce evidence that showed defendant's possession was consistent with his innocence. But the trial court told the jury that unless *all the evidence* (meaning the state's evidence and the defendant's evidence) showed his possession to be consistent with innocence, then the jury would be authorized to convict him. This was not only highly and prejudicially argumentative — but it was clearly erroneous, and was not in accordance with the law. If the jury found, from evidence of the defendant alone, that his possession was consistent with innocence, then the jury had the right to believe that evidence and to acquit him. But here the jury could say: "The defendant explained his possession satisfactorily in a way that was consistent with his innocence and we believe him; but the judge told us that *all the evidence,* including the state's evidence, must show his possession to be consistent with his innocence before we can acquit him."

There is no question whatever but that a defendant is entitled to explain his recent possession of stolen property and have that explanation accepted despite evidence of the state to the contrary. In *August v. State,* 11 Ga. App. 798 (4) (76 SE 164), it is held: ". . . And whilst the burden is on the defendant, . . . to explain the possession [of stolen goods] to the jury, such explanation may be drawn from any evidence in the case which demonstrates it, *or from the statement of the defendant,* if such statement satisfied the jury upon that point." (Emphasis supplied.) But in the case now under consideration the trial court reversed this rule and required defendant to show by *all the evidence* that his possession was consistent with innocence. This error in the charge warrants a reversal and a new trial.

2. Enumeration no. 8 complains that the court charged the jury "if you find and believe that the defendant *is not guilty of any crime,* or if you have a reasonable doubt as to his guilt, it would be your duty to acquit." The grand jury had indicted defendant for taking and carrying away, with intent to steal, a Ford automobile belonging to Jerry Fuller of the value of $1,000. To this indictment defendant pleaded not guilty, and the one and only issue was as to whether he was guilty of stealing this particular Ford automobile.

But the trial judge in effect, "threw the book" at the defendant and charged the jury it would be their duty to acquit "if you find and believe that defendant is not guilty of *any crime."* Surely this imposed upon him a burden that he was not required to carry; it was a catch-all and a general charge that if he stole the automobile in question, *or committed any other crime,* he would be guilty, otherwise not guilty. Suppose he violated the speed law while on the way to court? Suppose he was guilty of assault? Under the trial judge's charge, he should have been convicted because these come under the broad category of "any crime." There seems no point in expending further discussion of this obvious error. See *Henderson v. State,* 134 Ga. App. 898 (216 SE2d 696).

3. Because of the two errors in the charge enumerated as no. 10, and the one error in the charge in enumeration of error no. 8, this case should be reversed and a new trial granted to defendant, and I so vote.

PANNELL, Presiding Judge, concurring specially with the dissent.

I agree with the majority opinion as to its rulings as to enumeration of error no. 10, and I disagree with Division 1 of the dissent.

However, I agree with Division 2 of the dissent in that it was reversible error under the facts of this case to charge "if you find and believe that the defendant is not guilty of any crime, or if you have a reasonable doubt as to his guilt, it would be your duty to acquit."

In my mind, the questions of the jury and charge given to them could have confused them into believing that if they found defendant's possession of stolen goods

was a crime in this case ((a) receiving stolen goods, or (b) theft of auto parts) they could convict of the crime charged in the indictment ((c) theft of a motor vehicle). I do not believe the recharge cleared this point in their minds. They could have believed that if they thought him guilty of crime (a) or (b), they could find him guilty of crime (c).