## 45527.   SMITH v. THE STATE.

JORDAN, Presiding Judge. A jury found the appellant guilty of larceny of an automobile. On appeal, the sole enumeration of er-

ror complains of the insufficiency of the evidence to support the verdict.

The State's evidence shows that a Ford automobile was stolen from the owner's place of employment shortly before 8:00 a.m. on October 13, 1969; that about 2:30 p.m. on the same date, the Sheriff of Lumpkin County and a GBI agent, in response to a telephone call, found the stolen automobile stripped on an unpaved sawmill road about one mile off State Highway 60 in Lumpkin County; that in close proximity to where the car was found, the sheriff saw two men jump into the bushes and run; that bloodhounds and their handlers were called and started at the place the men were seen; that the dogs tracked the men for some distance to a river, which the men crossed; one of the dog handlers saw the men across the river, a distance of about 80 feet; he identified the defendant as one of the men and the one who fired a pistol two times toward him; that the defendant then took off his shirt and T-shirt, which were picked up by the dog handler, along with a pair of shoes, when he and the dogs crossed the river; that the dogs continued to follow the trail to a house and then to a trailer; a witness who lived in the house testified that the defendant Smith came there about 8:00 p.m. looking for her brother Marvin Brackett; that the defendant at that time was dripping wet, barefooted and wearing only a pair of blue jeans; that she directed him to her brother's trailer up the road; a witness, the wife of Marvin Brackett, testified that the defendant Smith came to her trailer about 8:10 p.m. looking for her husband; that he was wet and dressed only in slacks or jeans; that her husband was not at home at the time; that she gave the defendant some water and that he sat in her kitchen about 45 minutes, finally leaving from the back door; that he told her he left a pistol outside the trailer; that a pistol was found there by her husband when he came which was turned over to the sheriff. Both men were later apprehended and placed in jail. *Held:*

While the evidence connecting the defendant with the theft of the automobile is circumstantial, it is ample to authorize and support the verdict of the jury. Though the defendant was not identified as one of the men at the scene where the stolen car

was found, experienced tracking dogs placed on the spot shortly thereafter trailed the men to a river where one of the men was positively identified as the defendant and the one who fired two shots at the pursuing dogs and men. Soon thereafter, and at a place where the dogs continued the trail, the defendant was wet and clad only in slacks, and identified by two witnesses.

The defendant was identified as one of the persons fleeing, and such flight may be considered by the jury together with the other evidence in the case in determining the guilt or innocence of the accused. *Blakely v. State,* 78 Ga. App. 282, 289 (50 SE2d 762).

It is not necessary to sustain a verdict of guilty, that the evidence exclude every possibility or inference that may be drawn from the facts, but only necessary that reasonable inferences and hypotheses be excluded. *Williams v. State,* 204 Ga. 837, 842 (51 SE2d 825); *Norman v. State,* 121 Ga. App. 753, 757 (175 SE2d 119).

*Judgment affirmed. Eberhardt and Pannell, JJ., concur.*
SUBMITTED SEPTEMBER 10, 1970—DECIDED SEPTEMBER 18, 1970.

*Wesley R. Asinof,* for appellant.
*Jeff C. Wayne, District Attorney,* for appellee.