## 57143. CHASE v. THE STATE.

BELL, Chief Judge.

Defendant was convicted of motor vehicle homicide by causing the death of another by driving a motor vehicle while under the influence of alcohol. *Held:*

1. After the victim's death, a mortician drew a sample of her blood which was tested for drug and alcohol content with negative results. This evidence was admitted over objection of defendant that it was not obtained in conformity with the requirement of Code Ann. § 68A-902.1 (a) (2). The evidence was admissible as defendant had no standing to contest the admissibility on this ground. *Johnson v. State,* 146 Ga. App. 835 (247 SE2d 513).

2. There was evidence adduced at trial showing that defendant was properly advised of his statutory rights under Code Ann. § 68A-902.1 (a) (4) concerning breath, blood and urine, and other bodily substance tests by a Houston County deputy sheriff. The result of his blood test was admissible in evidence.

3. The indictment very clearly charged that defendant's driving under the influence was the proximate cause of the victim's death. The evidence at trial showed that defendant, the victim, and third party were involved in a three car collision. While the evidence shows that defendant's blood test result, 0.10 percent, raised a statutory presumption of intoxication and that his vehicle made the first physical contact with the victim's car, there was also evidence showing that the victim had prior to the accident drunk a quantity of beer and that her operation of her vehicle or that of a third party may have been the cause of her death. Therefore, under the indictment and this evidence, the lesser included offense of driving under the influence was raised as a possible alternative verdict in the case requiring a jury charge on this offense. The trial court prior to final argument advised defendant's counsel that it would so

charge pursuant to defendant's written request. Defendant's counsel argued to the jury for a verdict on this lesser crime. After the completion of the arguments, the trial court informed defendant's counsel that a charge on driving under the influence as a lesser offense and alternative verdict would not be given. The court gave defendant's counsel an opportunity to reargue the case which he declined to do. The trial court committed harmful error in not charging on driving under the influence as this offense was reasonably raised by the evidence. The court also committed harmful error in advising the defendant that it would charge on this offense and then later reversing this position after defendant's counsel made his argument to the jury. Allowing the defendant to reargue did not cure this error as it placed defendant and his counsel in a completely untenable position before the jury and reargument could not have been beneficial to him. *Evans v. State,* 146 Ga. App. 480 (246 SE2d 482).

*Judgment reversed. Webb and Banke, JJ., concur.*

ARGUED JANUARY 4, 1979 —DECIDED JANUARY 11, 1979.

*George L. Williams, Jr.,* for appellant.
*Stephen Pace, Jr., District Attorney, Miriam D. Wansley, Assistant District Attorney,* for appellee.