## 57480 HUDSON v. THE STATE.

McMurray, Presiding Judge.

Defendant was indicted and convicted of the offense of theft by taking. Defendant appeals. *Held:*

1. Defendant's first enumeration of error raises the denial of his motion for new trial on the general grounds. This court does not pass on the weight of the evidence, but only upon its sufficiency, and if there is any evidence to support the verdict it will be upheld. *Knight v. State,* 239 Ga. 594 (1) (238 SE2d 390); *Ridley v. State,* 236 Ga. 147, 148 (1) (223 SE2d 131); *Proctor v. State,* 235 Ga. 720, 721 (221 SE2d 556); *Ring v. State,* 148 Ga. App. 373 (251 SE2d 392); *Raymond v. State,* 146 Ga. App. 452 (1) (246 SE2d 461); *Lowe v. State,* 143 Ga. App. 415 (238 SE2d 716). A careful examination of the record and transcript shows that there is competent evidence to support the jury's verdict.

2. Defendant contends the trial court erred when it allowed the assistant district attorney to ask a state's witness "how long did you have to look for him [defendant] after you took out the [arrest] warrant?" Defendant argues that this question was prejudicial and improperly placed the implication of flight in the jury's mind and thereby placed the character of defendant in issue. This contention is without merit. It is well settled in Georgia that evidence of flight may be considered by the jury together with other evidence in the case to determine the innocence or guilt of the accused. See *Smith v. State,* 122 Ga. App. 470, 472 (177 SE2d 485); *Blakely v. State,* 78 Ga. App. 282, 289 (50 SE2d 762). Evidence is not objectionable merely because it is prejudicial to the defendant.

3. After the charge to the jury defense counsel inquired of the court as to whether the charge on flight had been introduced by the state and learned that the state had made an oral request to charge on flight. Defendant now contends that the trial court committed error when it charged on flight based on an oral request to charge without the prior knowledge of defendant's counsel pursuant to Code Ann. § 70-207 (b) (Ga. L. 1965, pp. 18, 31; 1966 pp. 493, 498; 1968, pp. 1072, 1078). These facts occurred prior to deliberation of the jury and at no

time did the defendant request to reargue the facts in light of the law of the case as charged. If the defense counsel had been misled as to the intended charge his remedy was to request to reargue the facts in the light of the charge given. *Daniels v. State,* 137 Ga. App. 371, 373-376 (4) (224 SE2d 60). See also *Post-Tensioned Const., Inc. v. VSL Corp.,* 143 Ga. App. 148, 150 (5) (237 SE2d 618).

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur. Shulman, J., not participating.*

SUBMITTED MARCH 8, 1978 — DECIDED MAY 29, 1979.

*Ralph M. Walke, James I. Warren, III,* for appellant.
*Beverly B. Hayes, District Attorney,* for appellee.