58208. MADDOX et al. v. THOMAS et al.

UNDERWOOD, Judge.

This is an action predicated upon personal injuries sustained when an automobile being operated by Mrs. Maddox struck Mrs. Thomas, a pedestrian, who at the time was crossing the street upon which Mrs. Maddox was driving. We affirm.

1. Defendants contend that reversible error occurred when the trial court, having informed counsel prior to closing argument that it would not charge the jury upon a principle covered in defendants' requests to charge, later changed its mind after closing arguments and gave the principle in charge, thus depriving them of the opportunity to argue that point to the jury. No cause for reversal appears, however, since counsel did not object and request permission to re-argue. *Daniels v. State,* 137 Ga. App. 371, 373 (4) (224 SE2d 60) (1976); *Post-Tensioned &c., Inc. v. VSL Corp.,* 143 Ga. App. 148, 150 (5) (237 SE2d 618) (1977). Compare *Evans v. State,* 146 Ga. App. 480 (1) (246 SE2d 482) (1978).

2. No reversible error has been made to appear with respect to the grounds of the motion for new trial asserting newly-discovered evidence. It appears to be largely cumulative and impeaching, and in any event there was

no showing below that it came to the knowledge of movants subsequent to trial, nor that the late discovery of it was not due to the lack of their due diligence, deficiencies in the showing below which are fatal here. Code Ann. § 70-204; *Walters v. State,* 128 Ga. App. 232 (2) (196 SE2d 326) (1973).

The unsupported broaching of these subjects in the brief is of no aid to defendants here. "Error must be shown by the record. It cannot be demonstrated by . . . assertions in the brief of counsel which are unsupported in the record." *Maloy v. Dixon,* 127 Ga. App. 151 (1b) (193 SE2d 19) (1972).

3. The evidence authorized the charge on Code Ann. § 68A-801 (speed appropriate to the circumstances), and we find nothing to take this case out of the usual rule that questions as to negligence, comparative negligence, proximate cause, etc., are properly for the jury to determine.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

Argued July 12, 1979 — Decided September 4, 1979 — Rehearing denied September 25, 1979 — 

*Steven J. Kyle, John G. Haubenreich,* for appellants. *William S. Hardman,* for appellees.