71165. LUTTRELL v. THE STATE.
(336 SE2d 369)

BIRDSONG, Presiding Judge.

This appeal is from a conviction for conspiracy to commit arson, and is a companion to *Williams v. State,* 176 Ga. App. 503 (336 SE2d 367), where the facts are stated. *Held:*

1. Luttrell contends that the trial court prejudicially erred in charging the jury it could consider the guilt of each defendant individually, after having agreed not to so charge. We have decided this contention adverse to Luttrell in *Williams v. State,* supra, where the identical argument was made.

2. The trial court's recharge that the jury could consider the defendant's guilt individually did not constitute a prejudicial comment on the evidence. Id.

3. Appellant Luttrell contends the trial court erred in denying a continuance because the alibi witness William Ragland did not appear in trial after having been properly subpoenaed. OCGA § 17-8-25 provides that in all such applications for continuance, among other criteria, "it shall be shown to the court . . . that the applicant expects he will be able to procure the testimony of the witness at the next term of the court. . . ." Each of the named requirements must be met before the appellate court will review the trial court's discretion in denying the motion for continuance based upon the absence of a witness. *Tomlin v. State,* 170 Ga. App. 123 (316 SE2d 570); *Brown v. State,* 169 Ga. App. 520 (313 SE2d 777). The trial court has discretion in determining whether to grant a continuance for absence of a witness, and that discretion is not abused unless all of the requisites of OCGA § 17-8-25 are shown and the trial court still denied a continuance. *Watts v. State,* 142 Ga. App. 857 (237 SE2d 231); *Smith v. State,* 120 Ga. App. 448 (170 SE2d 832); *Frost v. State,* 91 Ga. App.

618 (86 SE2d 646).

Appellant Luttrell did not, in seeking a continuance, show that he expected to be able to procure the testimony of the witness at the next term of court. Consequently, and upon the facts, we cannot find the trial court abused its discretion in denying the continuance. *Boyd v. State,* 17 Ga. App. 162 (86 SE 411).

4. Luttrell urges error on the trial court's refusal to sustain his general and special demurrers to the indictment charging him with conspiracy to commit arson by "plac[ing] a gallon of gas on top of the electric stove located in [Fowler's] house. . . ." He argues that it cannot logically be argued that performing the act alleged can amount to a crime without some allegation that the stove was turned to the "on" position or that it otherwise could have ignited the gasoline; and, further, that any substance, such as food, could be ignited on a stove only if the stove was "on."

The objection made here is to the sufficiency of the indictment to allege a crime. The indictment here meets the test of apprising the appellant of the crime charged and the manner in which it was committed. *Bostic v. State,* 173 Ga. App. 494 (326 SE2d 849); *Ruff v. State,* 17 Ga. App. 337, 338 (5) (86 SE 784). See *Abel v. State,* 64 Ga. App. 448 (6) (13 SE2d 507). The specific objection here is that merely placing a jug of gasoline on a stove is really no different than placing food on a stove, and does not amount to a crime unless the stove was turned on. To the contrary, the act alleged is sufficiently wayward to permit a rational jury to infer the intent to commit arson beyond a reasonable doubt. *Boyd v. State,* 244 Ga. 130, 132 (259 SE2d 71); *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Appellant cites no authority for his contention, and we presume there is none.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED OCTOBER 21, 1985.

*Christopher A. Frazier,* for appellant.
*David L. Lomenick, Jr., District Attorney, David L. Whitman, Assistant District Attorney,* for appellee.