70868. WILLIAMS v. THE STATE.
(336 SE2d 367)

Birdsong, Presiding Judge.

Appellant Homer Williams was tried with Donnie Ray Fowler and Phillip Luttrell for conspiracy to commit arson. See *Luttrell v. State,* 176 Ga. App. 508 (336 SE2d 369).

On October 20, 1984, two police investigators, who had received a tip, hid in surveillance near Donnie Ray Fowler's house and saw co-defendant Homer Williams remove some items from the house and haul them away in a pick-up truck. At approximately midnight or early morning, the officers saw two males arrive in a yellow-tan Chev-

rolet car and take what appeared to be two big gallon jugs into the house, then leave the house without the jugs. One man went to the car and the other went around to the side of the house to a circuit breaker and flipped a switch, causing a spark. One officer recognized Homer Williams and Phillip Luttrell in the car, where the police car's lights shone into the Chevrolet. The two men were advised to stop but drove quickly away, nearly running down one of the officers. The other officer noted the license plate number of the Chevrolet. Shortly thereafter, after a bulletin was issued for the Chevrolet, Homer Williams and Phillip Luttrell were arrested at Williams' mother's mobile home, where they sat in a yellow-tan Chevrolet with the same license plate as the one which fled the scene.

Investigation at Donnie Ray Fowler's house proved a plastic gallon milk jug filled with gasoline and placed on an eye of the gas kitchen stove which was turned to the "on" position, but not burning. Another such jug, containing only the residue of gasoline, sat on a shelf by the stove. Gasoline had been poured on the floor throughout the house, and there was a strong odor of gasoline.

Appellant Luttrell and Williams both testified they had been playing poker at William Ragland's house from about 9:30 p.m. until 12:30 or 1:00 a.m., that Ragland had to help them start their car because it would not start without fiddling with the engine, and that they had then gone to get some beer at Williams' mother's trailer, where they were arrested.

Fowler was acquitted and Luttrell and appellant Williams were convicted. Williams appeals. *Held:*

1. Williams contends the trial court erred in charging the jury it could convict or acquit fewer than all defendants, after defense attorneys and the trial court agreed that charge would not be given; that is, defendants wanted an all-or-nothing trial. The trial court gave the charge after the jury had announced they were hopelessly deadlocked and when, three hours after an *"Allen"* charge, they still had not reached a verdict. Williams argues that the instruction that the jury could consider each defendant individually and convict or acquit fewer than all, was error per se because the trial court had agreed not to give it, and that it constituted a comment on the evidence.

We find no merit in this appeal.

In the first place, defendants in a conspiracy case do not have a substantive right to an all-or-nothing trial, although the state apparently agreed to it in this case. The instruction ultimately given in this case, that the guilt or innocence of each defendant should be considered individually, was correct under the law. See, e.g., *Aaron v. State,* 145 Ga. App. 349 (243 SE2d 714). This is a directly opposite situation from that in *Chase v. State,* 148 Ga. App. 690 (252 SE2d 194), where the appellant was deprived, by the trial court's failure to give a charge

it had agreed to give, of an opportunity to be convicted of a lesser offense, which was his right by law and under the evidence.

The record shows the charge that the jury could acquit or convict fewer than all defendants was one which the defense counsel said: "[W]e specifically do not request," and as to which the state's attorney likewise said: "[W]e do not request that charge." Assuming arguendo these statements amounted to a request not to charge the instruction, which request was agreed to by the court, and assuming appellant thus, because of the request, had a right to have the jury erroneously assume the law required it to acquit or convict all the alleged co-conspirators, still if appellant was harmed when the trial court contrary to its agreement ultimately charged the jury correctly, his remedy was to request to reargue the case. *Hudson v. State,* 150 Ga. App. 126 (257 SE2d 312); *Daniels v. State,* 137 Ga. App. 371, 373-376 (224 SE2d 60). If appellant was wrongly misled by the trial court's initial agreement not to give the correct charge in this case, he nevertheless was not placed "in a completely untenable position before the jury" (*Chase,* supra); reargument was appropriate in this case and he was required to request it. Not having done so, the appellant may not complain on appeal that he was irretrievably harmed.

2. We do not find that the charge of the correct principle of law in this case constituted a prejudicial and improper judicial comment on the evidence.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED OCTOBER 21, 1985.

*Bobby Lee Cook, Jr.,* for appellant.
*David L. Lomenick, Jr., District Attorney, David L. Whitman, Assistant District Attorney,* for appellee.