### 71835. GOINS v. THE STATE.
(339 SE2d 790)

BANKE, Chief Judge.

On appeal from his conviction of burglary, the defendant contends that the trial court erred in failing to give two of his requests to charge, after having represented that they would be given. He further contends that the court erred in denying his motion for mistrial, based on alleged improper communications involving certain members of the jury.

At the conclusion of the evidence, defense counsel inquired of the trial judge which of his requests to charge would be given, and the trial judge replied, "I think I'll give all of them." However, the court failed to give the defendant's requested charges that a person could not be convicted on the basis of bare suspicion and that mere association with others involved in crimes would not authorize conviction. *Held*:

1. The state contends that all of the legal principles contained in the two requests to charge were contained in the charge given by the court. We agree that the principle of "mere suspicion" was covered by the court's charge as given; however, no portion of the charge covered the principle of "mere association." As the state's case relied heavily upon the testimony of an accomplice, it is clear that the requested charge was appropriate. Furthermore, the record shows that defense counsel made a timely objection to the court's failure to give such a charge; and the defendant's failure also to request the opportunity to

reargue the case before the jury cannot, under the circumstances, be considered a waiver of the objection. Although a different result might obtain in situations where the court *gives* a particular charge after initially indicating that it would not do so (see, e.g., *Maddox v. Thomas*, 151 Ga. App. 477 (1) (260 SE2d 355) (1979); *Thomas v. State*, 168 Ga. App. 587 (4) (309 SE2d 881) (1983); *Hudson v. State*, 150 Ga. App. 126 (3) (257 SE2d 312) (1979)), it is obvious that the opportunity to present a new argument in the present case, without reference to the "mere association" principle, would have availed the defendant nothing. Accord *Chase v. State*, 148 Ga. App. 690 (3) (252 SE2d 194) (1979). See generally *Evans v. State*, 146 Ga. App 480 (1) (246 SE2d 482) (1978). Accordingly, we hold that the failure to give the requested charge constitutes reversible error.

2. The defendant's second enumeration of error is rendered moot by the foregoing.

*Judgment reversed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JANUARY 22, 1986.

*John R. Emmett*, for appellant.
*David L. Lomenick, Jr., District Attorney, James D. Franklin, Assistant District Attorney*, for appellee.