## A89A1193. RIOS v. THE STATE.
(388 SE2d 527)

BIRDSONG, Judge.

Herberto Jesus Rios appeals from his conviction of driving under the influence. The evidence shows that appellant was visiting his wife at her sister's home when there was a family argument in which he struck his wife. She called the police and appellant ran from the house and hid. A deputy sheriff, who responded to the call, spoke to the wife who told him about the domestic dispute and that appellant had been drinking. The deputy made a radio report notifying other officers of the matter and then searched for appellant. Later that night, another deputy, who had been alerted to look for appellant, saw him driving his pick-up truck and pulled him over. The deputy testified that although appellant had not been driving erratically, when the deputy turned on his blue light, appellant pulled across the on-coming lane and stopped his truck on the left side of the road. This deputy and a city police officer testified that appellant was belligerent, had a very strong odor of alcohol on his breath, and admitted that he was drunk. The city police officer also testified that appellant was staggering. Both officers testified that appellant was read his implied consent rights and refused to take a test. The deputy sheriff testified that in his opinion appellant was intoxicated and that because of the intoxication, it was less safe for appellant to drive.

Appellant, his wife, and his mother-in-law all testified that appellant had not been drinking, that the wife had thrown a glass of whiskey on appellant, and that appellant was not drunk. The wife also denied telling the deputy that appellant was drunk. Appellant denied that he was drunk or that he had driven while under the influence. He also denied that he had been advised of his implied consent rights. He asserted that the deputies had set him up and that this was part of a scheme to put him in jail.

The jury convicted appellant of driving under the influence. The trial judge, after considering two prior convictions for driving under the influence, sentenced appellant to twelve months confinement, part served on probation, and a fine. From that sentence, appellant appeals. *Held*:

1. Appellant's first enumeration of error asserts that the verdict was contrary to the weight of the evidence and that the evidence was insufficient to convict him. At the outset, we note that a law enforcement officer can express his opinion regarding a defendant's sobriety. *House v. State*, 184 Ga. App. 724 (2) (362 SE2d 429). Further, although appellant asserts reasons why his witnesses should have been believed rather than the deputies and the police officer, it is not within our province to consider these matters. " '[A]ppellate courts do not weigh the evidence or determine the credibility of the witnesses,

but look only to determine if the evidence is sufficient such that a reasonable trier of fact could rationally have found proof of guilt beyond a reasonable doubt.' *Jamison v. State*, 162 Ga. App. 635 (292 SE2d 515)." *Banks v. State*, 185 Ga. App. 851, 853 (366 SE2d 228). Additionally, on appeal we are required to view the evidence in the light most favorable to the verdict. *Watts v. State*, 186 Ga. App. 358 (366 SE2d 849). Considering the transcript in a light most favorable to the verdict "reveals ample evidence from which any rational trier of fact could conclude beyond a reasonable doubt that the appellant was guilty of [the offense] charged." *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Baggett v. State*, 257 Ga. 735 (2) (363 SE2d 257); *Jones v. State*, 185 Ga. App. 595 (1) (365 SE2d 153). Appellant's first enumeration of error is without merit.

2. Appellant's second enumeration of error asserts that the trial court erred by refusing to grant his motion for a directed verdict of acquittal. "[A] motion for directed verdict in a criminal trial should only be granted where there is no conflict in the evidence and the evidence demands a verdict of acquittal as a matter of law." *Taylor v. State*, 252 Ga. 125 (1) (312 SE2d 311). In view of our analysis of the evidence in Division 1, this enumeration is also without merit.

3. The third enumeration of error asserts that the trial court erred by denying appellant's motion for mistrial which was based upon certain comments the trial judge allegedly made about appellant prior to trial, but supposedly in the presence of potential members of the jury. The only information about the trial judge's allegedly improper comments is the vague reference in the trial defense counsel's motion. Appellant has the burden of showing error affirmatively in the record, *Roach v. State*, 221 Ga. 783 (4) (147 SE2d 299), and we will not presume error from a silent record. *Rogers v. State*, 155 Ga. App. 685 (1) (272 SE2d 549). Appellant has failed to meet his burden. There is no indication of what the trial judge's comments were or whether any jury member even heard whatever the comments might have been. Accordingly, there is nothing presented for our review, and we must affirm the ruling of the trial court. *Oller v. State*, 187 Ga. App. 818, 821 (371 SE2d 455); *Brown v. State*, 146 Ga. App. 286, 287 (246 SE2d 370).

4. The fourth enumeration contends that the trial judge erred by not recusing himself upon appellant's motion. We note that appellant's motion did not comply with Rule 25.1 of the Uniform Rules regarding recusal of the trial judge in that it was not made in writing and was not supported by affidavit. Further, there was no showing that the motion was timely made or if not timely, that there was good cause shown for an untimely motion. Accordingly, the trial judge was not required to refer the case to another judge for a hearing on the motion. *Birt v. State*, 256 Ga. 483, 484 (350 SE2d 241). This enumera-

tion suffers from the same deficiencies as the previous one. The record is devoid of evidence supporting the enumeration, and as there is nothing in the record for us to review, we must affirm the ruling of the trial court. *Rogers v. State*, supra; *Oller v. State*, supra; *Brown v. State*, supra.

5. The last enumeration asserts that the trial court erroneously considered appellant's previous convictions for DUI before sentencing appellant. Review of the record shows that appellant did not raise this issue in the trial court. " 'Enumerated errors which raise issues for the first time . . . on appeal present nothing for review. [Cits.]' " *Smith v. State*, 186 Ga. App. 303, 306 (367 SE2d 573). Accordingly, this enumeration is also without merit.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED OCTOBER 31, 1989 —
REHEARING DENIED NOVEMBER 13, 1989.

Herberto Jesus Rios, *pro se.*
*John T. Newton, Jr., Solicitor*, for appellee.