A89A1215. GADD et al. v. WILSON & COMPANY ENGINEERS et al.
(388 SE2d 875)

BEASLEY, Judge.

James Gadd and his wife sued Wilson & Company Engineers and Mann Mechanical Contractors, claiming that Wilson negligently designed and Mann negligently refurbished Building B-91, the chemical milling building of Lockheed, which was Mr. Gadd's employer, and that Gadd was seriously injured as a result and his wife lost consortium. The Gadds appeal the grant of Wilson's Motion to Dismiss (converted to one for Summary Judgment) and the jury verdict in favor of Mann.

Viewed in favor of the verdict, the evidence was that Gadd worked as a waste water treatment technician in Building B-10A. Building B-91 was located next to Building B-10A and housed the chemical etching operation of Lockheed.

B-91 was constructed in 1967 and Wilson & Company was the engineer which designed the project and supervised the construction. B-10A was built in 1971, and Wilson was the designer of that building. At that time, a PVC pipe was installed underground linking B-91 and B-10A, which was the concentrated chemical line. Thereafter, Lockheed altered the original design so that the system allowed concentrated chemicals to flow into an open trench which connected B-91 and B-10A. Prior to that, the chemicals could only flow through the concentrated chemical line into tanks to be treated and then released slowly into the waste treatment system. B-91 sat idle for ten years until 1983 when Lockheed, under a contract with the Air Force, hired Mann Mechanical on a time and materials basis to refurbish it. The refurbishing included welding and other renovation on the steel tanks in B-91, but no work on the one fiberglass tank.

The work was completed in August 1983 and the tanks in B-91 were filled with sulfuric acid, sodium hydrosulfide, and other chemicals used in the etching process. On December 6, 1983, the fiberglass tank, containing sodium hydrosulfide, leaked. Because of concrete berms surrounding the tank, the chemical was trapped and diverted into a pit used to collect leaking chemicals. After the leak was spotted, the remainder of the sodium hydrosulfide was pumped into an adjacent steel tank. Shortly after the 2:00 p.m. break, Lockheed employee Canup advised Lockheed Control Engineer Hyde that the contents of the pit in B-91 needed to be pumped over to B-10A. This was done, using the open trench.

That same morning, Gadd had noticed an acid leak in B-10A. The acid had been washed into the trench. Upon returning from his 2:00 p.m. break, Gadd was overcome by hydrogen sulfide gas, caused by the combination of sodium hydrosulfide and acid.

1. Suit was filed on December 5, 1985, the last day of the limitation period. The complaint alleged that CT Corporation was the agent for service for Wilson and service was made on CT on December 6. A letter from CT advising that it was not the agent was filed on December 11. Service was not obtained on Wilson, located in Kansas, until April 7, 1986. Wilson's motion based on the failure to perfect service within a reasonable period of time after expiration of the statute of limitations was granted. The Gadds contend this was error.

The court assumed without deciding that plaintiffs' efforts to obtain service were acceptable from December 11 until January 1986. At that time, plaintiffs were advised that Wilson was located in Kansas and service was still not attempted there until April. The court found this insufficient and there is no basis for disturbing this exercise of discretion. *Varricchio v. Johnson*, 188 Ga. App. 144, 145 (372 SE2d 445) (1988); *Brown v. Bailey*, 180 Ga. App. 555, 557 (1) (349 SE2d 792) (1986); *Ingram v. Grose*, 180 Ga. App. 647 (350 SE2d 289) (1986).

2. The second enumeration alleges error in the allowance of testimony which plaintiffs contend varied the terms of the written contract between Mann and Lockheed. Bill Mann, president of Mann, was called by plaintiffs for cross-examination. He testified that the work was verbally agreed upon, work began, and it was not until two months later that the written purchase order was issued. He further testified that Mann's employees did only what they were directed to do by Lockheed's and Wilson's representatives.

The parol evidence objected to was elicited by plaintiffs and they will not be heard to object to it. The only objection made by plaintiffs was when the witness was recalled for examination by defendant Mann. That objection was that "the parole (sic) evidence rule and the best evidence rule require that the written contract, which is in evidence, be entered into evidence, and that is the best evidence of what the contract was." Since, as evidenced by the objection itself, the written contract was in evidence, there was nothing further required of the trial court and there was no error.

The remainder of the argument in this section of the brief deals with matters which are not enumerated as error and presents nothing for our consideration. *Sanders v. Hughes*, 183 Ga. App. 601, 604 (4) (359 SE2d 396) (1987).

3. Enumerations 3 and 4 deal with the failure of the trial court to charge OCGA § 43-15-24.

That statute makes it a misdemeanor for "any private or com-

mercial entity to engage in the construction of any work or structures involving professional engineering which by the nature of their function or existence could adversely affect or jeopardize the health, safety, or welfare of the public unless the plans and specifications have been prepared under the direct supervision or review of and bear the seal of, and the construction is executed under the direct supervision of or review by, a registered professional engineer or architect."

Plaintiffs submitted a written request for such a charge. During the charge conference, although this specific charge was not discussed, the court stated, "I think the court can give the remainder of the Plaintiffs' requests to charge." After closing arguments had been made, the court advised plaintiffs that it did not believe that Request 24 was adjusted to the evidence and that plaintiffs had acknowledged that any such failure was Lockheed's and not Mann's. Timely objection was made to this failure to charge.

The charge was not adjusted to the evidence since the project did not involve original construction, but only refurbishment pursuant to the original plans and specifications prepared when B-91 was constructed in 1967. Also, there was no evidence that any engineering required on the project was the responsibility of Mann. Instead, Wilson was on the project as engineer, and Lockheed had the supervisor of the Plant Construction Group, Hernandez, in charge of the project. Failure to give the charge upon request was not error. *Glenridge Unit Owners Assn. v. Felton*, 183 Ga. App. 858, 860 (6) (360 SE2d 418) (1987).

With regard to the court's refusal to give plaintiffs' Request to Charge 24 after initially indicating it would do so, plaintiffs made no request to reargue the case after being advised of the court's decision not to give the charge. If counsel had been misled as to the intended charge, the remedy was to request to reargue the facts in light of the charge given. *Daniels v. State*, 137 Ga. App. 371, 373 (4) (224 SE2d 60) (1976); *State Farm &c. Ins. Co. v. U. S. Fidelity &c. Co.*, 190 Ga. App. 220, 223 (7) (378 SE2d 400) (1989); *Hudson v. State*, 150 Ga. App. 126 (3) (257 SE2d 312) (1979); *Post-Tensioned &c. v. VSL Corp.*, 143 Ga. App. 148, 150 (5) (237 SE2d 618) (1977); compare *Goins v. State*, 177 Ga. App. 536 (1) (339 SE2d 790) (1986).

4. Finally, error is alleged in the admission of the testimony of Lockheed's employee Hernandez concerning the qualifications of Doug Mull, a Wilson & Company engineer. Mull had twice been referred to in testimony presented by plaintiffs as the Wilson & Company representative on site during the refurbishment.

Objection was made when Hernandez was asked if he knew Mull's qualifications. The objected-to question was not answered. Rather, Hernandez was asked if Mull "was a truck driver or engineer." This question was not objected to at trial and no objection will

be considered here.

When Hernandez answered the question by stating that Mull was a registered professional engineer, plaintiffs moved to strike the testimony on the ground that the registration would be the highest and best evidence. The court agreed with that position, but allowed Hernandez to testify regarding in what capacity he dealt with Mull. The objection made at trial to this testimony is not pursued here and will not be further considered.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 16, 1989 —
REHEARING DENIED NOVEMBER 29, 1989 —

*Robert M. Goldberg, Alan Z. Eisenstein,* for appellants.
*Rawlins & Mobley, David D. Rawlins, Douglas A. Wilde,* for appellees.