A89A2014. SMALLWOOD v. THE STATE.
(389 SE2d 390)

SOGNIER, Judge.

Jerry Smallwood was charged with two counts of burglary and convicted of one count, and he appeals.

The evidence adduced at trial showed that on December 27, 1988, John McNeal was flying a plane over Wilkinson County and noticed a truck concealed in a pine thicket on the grounds of the abandoned Wilkinson Nitrogen Plant. McNeal was familiar with the plant because his family originally sold the land to the owners of the plant, McNeal's father was the electrician who did all the wiring for the plant, and a brother was the current caretaker at the now abandoned

plant. Thus, McNeal knew that no vehicles were normally on the grounds and the presence of an unfamiliar truck in that location struck him as unusual. He contacted the Sheriff's Department, and an investigation ensued.

John McNeal and Deputy John Richards testified that the truck, a flatbed with wooden sides, was parked outside the fence surrounding the plant, and that the truck bed contained copper wire. Richards also testified that he observed piles of aluminum conduit and more copper wire on the ground outside the plant buildings; that his investigation revealed that the truck was registered to appellant; and that several receipts for scrap metal from Hirsh Metal Company in Macon and a Hirsh Metal Company check dated 12/17/88, both made out to appellant, were found in the cab of the truck. Richards testified that based on his investigation, he left word for appellant to contact him and appellant did so. Richards further testified that after being advised of his rights and first denying involvement with the plant, appellant was readvised of his rights and gave a written statement in his own handwriting admitting he had gone to the plant on December 26th and removed 400 pounds of aluminum pipe, which he sold for $207, had removed copper wire, which was still on the back of his truck, and had gone back the next day (December 27, 1988) and taken more aluminum pipe and copper and left it on the ground. Richards testified that appellant also told him that two full Gatorade bottles found inside the motor control room at the plant belonged to him.

Kent McNeal, an electrician and the caretaker of the plant, testified he inspected the plant on Christmas Eve and found nothing unusual or out of place. On December 27th, however, he found the switch gear room "completely disassembled," with cable having been cut loose and large amounts of conduit and wire missing. He testified that no wire was piled up outside the buildings on December 24th but on the 27th he observed large piles of wire and conduit. When shown a photograph previously introduced into evidence, authenticated, and identified by Richards as depicting one of the piles of wire found outside the switch gear room, McNeal identified an armor shielded cable connector in the photograph and testified that it could only have come from inside the switch gear room.

Appellant testified at trial that he had taken the wire and aluminum but that he had not entered the switch gear room or any other building, and had found the premises in disarray when he arrived on the 26th.

1. Appellant first enumerates as error the trial court's failure to grant his motion for a mistrial made on the ground that the rule of sequestration had been violated when evidence was discussed during a recess with a witness who had not yet testified. However, the record

fails to show the rule of sequestration had been invoked. " 'We will not presume error from a silent record. The [appellant] has the burden of showing error affirmatively by the record and this burden is not discharged by recitations in the brief. [Cit.]' [Cit.]" *Williams v. State*, 188 Ga. App. 496, 499 (3) (373 SE2d 281) (1988).

2. Appellant contends the trial court erred by denying his motion for a directed verdict of acquittal because the State had not proved entry, which is an essential element of the offense of burglary. We find no merit in this contention. Appellant admitted to Richards that he stole wire and conduit and left it on the ground on December 27th. Richards testified that State exhibit no. 4, an armor shielded cable connector, was found in a pile of wire and conduit outside the switch gear room. Kent McNeal testified that he was positive that State exhibit no. 4 had come from inside the switch gear room, and that he had inspected the switch gear room on December 24th and found nothing unusual, but that on the 27th much of the equipment had been removed or damaged. Richards also testified that appellant admitted to him that two bottles of Gatorade found inside the switch gear room belonged to him. "Only when there is no evidence to support a verdict to the contrary is a directed verdict of acquittal authorized. [Cit.]" *Hall v. State*, 189 Ga. App. 107, 108 (1) (375 SE2d 50) (1988). Here, there was some evidence from which the jury could have concluded that appellant entered the switch gear room, and thus the trial court did not err by denying appellant's motion for a directed verdict of acquittal. See id.

3. Appellant raises as error the trial court's charging the jury on expert witnesses, arguing that because no witness was tendered as an expert, the charge placed undue emphasis on the testimony of a lay witness, thereby prejudicing the jury. However, the trial judge explained his reasons for giving the charge, stating that because Kent McNeal was asked questions about technical matters which only an electrician could answer, he "felt compelled to give a little bit of explanation about that, telling the jury they didn't have to believe everything [McNeal] told them just because of his experience." The trial court believed, and we agree, that this charge benefited rather than harmed appellant. " 'Harm as well as error must be shown affirmatively by the record to authorize a reversal,' [cit.]," *Daniels v. State*, 184 Ga. App. 689, 691 (3) (362 SE2d 775) (1987), and accordingly we find no error in this charge.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED DECEMBER 5, 1989.

*Walter S. Scott*, for appellant.
*Joseph H. Briley, District Attorney, Fredric D. Bright, Assistant*

*District Attorney*, for appellee.