A90A1795. PAGE v. THE STATE.
(401 SE2d 564)

BIRDSONG, Presiding Judge.

Joseph Page appeals his conviction for two counts of distribution of cocaine. The evidence showed that on two certain occasions police gave an informant money to buy cocaine and observed the informant enter appellant's house. On the first occasion the informant was equipped with a recording device but the recording of the transaction was very vague and general. The informant was searched before he entered appellant's house on the second occasion, and was given money; upon leaving appellant's house, he was searched again and found to possess cocaine but no money. This time, the recording device malfunctioned and there was no recording of the transaction. The informant testified that on each occasion it was appellant who sold him cocaine in appellant's house.

Appellant contends the evidence was insufficient to support the verdict and complains that there was a break in the chain of custody

of the drug sample and that he was not allowed to cross-examine the forensic expert as to the activities of a person in the state crime lab. *Held*:

1. Appellant in essence contends the jury should not have believed the testimony of the paid informant, who was a drug user. However, it is not within our province to judge the credibility of witnesses, or to say that as a matter of law a drug user is not a credible witness. On appeal we are required to view the evidence in a light most favorable to the verdict. *Rios v. State*, 193 Ga. App. 485, 486 (388 SE2d 527). Not only was it the prerogative of the jury to find credible the informant's identification of the appellant as the drug seller, but moreover his testimony does not stand alone but is supported by evidence that it was appellant's house in which the witness acquired cocaine. Considering the evidence in a light most favorable to the verdict, we find that any rational trier of fact could conclude beyond a reasonable doubt that appellant was guilty of the offenses charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Rios*, supra.

2. Appellant's contentions concerning an attempt to show a break in the chain of custody of the cocaine are without substance. There is no suggestion of tampering or substitution of the evidence, and none is raised by the fact that the forensic witness was not the person who received the sample from a transporting officer but merely collected it from the lab vault. See *Kent v. State*, 157 Ga. App. 209 (276 SE2d 881). No suggestion of tampering is raised by vague allusions in appellant's brief about some unknown activities of a certain person who allegedly worked in the state crime lab. Appellant does not even allege what the forensic witness could have said about such person if he had been allowed to cross-examine her on the matter; in any case the witness stated she did not know anything about that person's activities and therefore nothing could be gained by questioning her. Appellant has the burden of showing not only harm but actual error. *Smallwood v. State*, 193 Ga. App. 807, 809 (389 SE2d 390).

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

Decided January 16, 1991.

*Larsen & Flanders, H. Gibbs Flanders, Jr.*, for appellant.

*Ralph M. Walke, District Attorney, L. Craig Fraser, Assistant District Attorney*, for appellee.