A90A1929. CHERRY v. THE STATE.
(401 SE2d 607)

BIRDSONG, Presiding Judge.

Anthony Wayne Cherry was convicted of three counts of armed robbery, four counts of possession of a firearm, one count of attempted armed robbery and one count of theft by receiving stolen property in another state, all arising from the armed robbery of a Winn-Dixie store in Colquitt County and his subsequent apprehension in the identified getaway vehicle which had been stolen in Madison, Florida.

On appeal, Cherry contends only that the evidence was insufficient to support a guilty verdict as to the count of receiving stolen property in another state, because there was no evidence he knew or should have known the vehicle was stolen. See OCGA § 16-8-8. Cherry maintained that he wound up in possession of the automobile after another individual picked him up hitchhiking, and that this other individual abandoned the vehicle to him after the robbery of the Winn-Dixie; that he did not know it was stolen and there was no evidence connecting Cherry with the theft of the vehicle. *Held*:

Reviewing the evidence in the light most favorable to the verdict, we find there is ample evidence from which a rational trier of fact could find proof of appellant's guilt of receiving property stolen in another state, beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Rios v. State*, 193 Ga. App. 485, 486 (388 SE2d 527).

The evidence showed the car, a 1979 Ford LTD, was stolen from its owner in Madison, Florida; appellant was originally from Madison, Florida, and had been in Madison just prior to coming to Georgia. He testified he offered to pay the man driving the car to drive him to Madison, and he gave a Madison, Florida, address to law enforcement officers. The testimony concerning the robbery is relevant to the charge for receiving the vehicle stolen in another state; a Winn-Dixie employee testified he saw a man leave the store and get into the 1979 Ford LTD, and wrote down the tag number. He saw only one man leave in the car. Robbery victims identified appellant as the man who robbed them. In this light of the evidence, the jury could conclude there was no other individual in the car at least as of the time of the Winn-Dixie robbery, but this does not, as appellant inarticulately suggests, require an either/or conclusion that appellant either stole the vehicle himself (i.e., that he did not "receive" it) or that appellant's version of events is true (i.e., that the vehicle was abandoned to

him after the other individual robbed the Winn-Dixie). Particularly since appellant gave yet another contradictory version at trial as to how he came to be in the stolen vehicle, the evidence is such that the jury could conclude beyond a reasonable doubt that in any case, and under all the circumstances, appellant knew or should have known the vehicle was stolen. As appellant points out, while unexplained possession of recently stolen goods can be used in conjunction with other evidence to infer guilty knowledge, it will not, standing alone, authorize a conviction. *Higginbotham v. State*, 124 Ga. App. 489 (184 SE2d 231). The jury could find that appellant's recent possession was unexplained and, in the midst of the other incriminating circumstances, including the criminal act of armed robbery which was connected directly to appellant and to the car, the jury could infer guilty knowledge that the car was stolen, beyond a reasonable doubt. *Jackson v. Virginia*, supra.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED JANUARY 31, 1991.

Short & Fowler, Larkin M. Fowler, Jr., for appellant.
H. Lamar Cole, District Attorney, Charles M. Stines, Assistant District Attorney, for appellee.