## A91A1900. JACKSON v. LYNCH.
(416 SE2d 564)

ANDREWS, Judge.

Plaintiff Jackson appeals the defendant's verdict and judgment arising from an automobile accident claim, alleging three jury charge errors.

Viewed in favor of the verdict, the evidence was that, on July 21, 1986, Jackson, driving a Mercedes sedan, was stopped in rush hour traffic on I-75, when he was hit from the rear by Lynch, driving an Isuzu Impulse. Traffic had been stop and go and Lynch was travelling approximately five mph when he struck Jackson. After the collision, Jackson did not voice any complaint concerning his neck, back or wrist. He and Lynch waited approximately two hours for an officer to investigate the accident, but none arrived. They exchanged insurance information and both drove their cars away. No repairs were made to

the Mercedes, except the replacement of a water pump which Jackson attributed to the accident. Jackson, although near a hospital, did not seek medical advice that day. That night, he experienced stinging in his left wrist and neck discomfort. He made an appointment with a doctor for July 23 and his neck and wrist were x-rayed. Rest was prescribed as well as muscle relaxers and Motrin.

Jackson was a 28-year employee of Southern Bell at the time of the accident. He did not report to work after the accident for three weeks. Although he was aware he needed a doctor's excuse if absent over a week, none was produced. Over the next two years, he would on his own take three or four days a week off if his neck was bothering him. In 1986, he missed 31 days, in 1987, 77 days, and in 1988, prior to April, 14 days. No treatment was received for his wrist from August 1986 until March 1988. Jackson was involved in another car accident in the summer or fall of 1987. He also had been in one in 1977 in which he injured his neck. He had home traction for treatment of his neck which had been prescribed in April 1985, prior to the wreck at issue.

In March 1988, Jackson saw a hand/wrist specialist who diagnosed a congenital irregularity in bone length as well as torn cartilage in his left wrist. In May, he was operated on and the bone was shortened as well as the cartilage repaired.

Because of his extensive absences, after union negotiation, Jackson was allowed to take "induced retirement" instead of being fired by Southern Bell in April 1988. Southern Bell records reflected as the main reason for these absences neck and back problems from an automobile wreck.

At trial, the issue of liability for the wreck was conceded by Lynch and only causation and damages were contested.

1. Pursuant to written request of Lynch, premised on *Boatright v. Rich's*, 121 Ga. App. 121, 123 (6) (173 SE2d 232) (1970), the court charged as follows: "I further charge you, that when any person offers himself as a witness in his own behalf, his testimony should be construed most strongly against him, if it is vague and uncertain."

At the charge conference, Jackson objected to this request to charge as "argumentative and not conforming to the evidence in this case, and it is not a correct statement of the law standing alone on the subject of a witnesses testimony." After the court's charge to the jury, when asked for objections to the charge, Jackson adopted by reference the objections voiced earlier to the numbered requests, including this one.

The charge is a correct statement of the law. *Weathers v. Cowan*, 176 Ga. App. 19, 21 (2) (335 SE2d 392) (1985); *Boatright*, supra. Here, the testimony of Jackson on the nature, extent, timing and cause of his neck and wrist injuries was, at a minimum, vague and uncertain.

The charge was not given "standing alone," but was part of an extensive and complete charge to the jury on the credibility of witnesses. The charge, considered in light of the charge as a whole, was not error. *Shennett v. Piggly Wiggly Southern*, 197 Ga. App. 502, 503 (1) (399 SE2d 476) (1990); cf. *Renew v. Edenfield*, 200 Ga. App. 484, 486 (3) (408 SE2d 499) (1991).

2. Jackson also complains of the giving of two of defendant's requests dealing with damages. The only objection raised to request 13 below was that it was improper, unduly argumentative, tenuous, and already covered by other portions of the charge. As to request 15, the only issued raised was that if it were given, no write-off of the verdict would be needed.

These are not the objections now raised to the charge and these will not be considered for the first time here. *Glenridge Unit Owners v. Felton*, 183 Ga. App. 858, 860 (5) (360 SE2d 418) (1987).[1]

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 6, 1992.

*Higgins & Dubner, Michael W. Higgins*, for appellant.
*Harper, Waldon & Craig, Thomas D. Harper*, for appellee.

---

[1] Since a defendant's verdict was returned, any error in the charges relating to measure of damages would be harmless in any event. *Luke v. Spicer*, 194 Ga. App. 183, 184 (4) (390 SE2d 267) (1990); compare *Mathis v. Watson*, 259 Ga. 13 (376 SE2d 660) (1989).