## A95A0604. JILES et al. v. PETERS.
(454 SE2d 178)

BLACKBURN, Judge.

The appellants/plaintiffs, Hope Jiles and her husband Bernard Jiles, appeal from the judgment entered on the jury's verdict in favor of the appellee/defendant, Thomas F. Peters, in this personal injury action. In two separate enumerations of error, the Jileses challenge the trial court's instructions to the jury.

The evidence viewed in the light most favorable to the jury's verdict shows that at approximately midnight on September 18, 1990, Hope Jiles was a passenger in a vehicle driven by Franchester Townsend northbound on Interstate I-75. Townsend exited the interstate at the Delk Road exit in Cobb County. The exit ramp was under construction and construction barrels lined the ramp. Townsend stopped her vehicle at the yield sign at the end of the ramp to discuss dining plans with her passengers. It is undisputed that there were no cars in front of Townsend's vehicle at the time that the vehicle approached the end of the ramp. However, the evidence was in dispute as to whether there were vehicles traveling on Delk Road which would have prevented the entry of a vehicle going eastbound onto Delk Road. Peters saw Townsend's vehicle stopped at the yield sign as he approached Delk Road from the exit ramp. He applied his brakes and decreased his speed, but ran into the rear of Townsend's vehicle.

1. Initially, the Jileses maintain that the trial court erred in charging the jury on OCGA § 40-6-184 (a), as requested by Peters, after specifically ruling that it would not charge said Code section. Specifically, the Jileses assert that the court erred in charging the jury that "[n]o person shall drive a motor vehicle at such a slow speed as to impede the normal and reasonable movement of traffic, except when reduced speed is necessary for safe operation." OCGA § 40-6-184 (a). The Jileses contend that the trial court misled counsel and violated OCGA § 5-5-24 (b) in so charging the jury.

OCGA § 5-5-24 (b) requires a trial court to inform counsel of its proposed actions on requested charges prior to argument to the jury. The trial court violated this statute in giving said charge contrary to its ruling at the conference without notice to the parties or an opportunity to be heard. See *Harris v. State*, 202 Ga. App. 618 (4) (414 SE2d 919) (1992). However, at no time did the Jileses' counsel request to reargue the facts in light of the charge given. "If [plaintiffs'] counsel had been misled as to the intended charge, the remedy was to request to reargue the facts in light of the charge given. [Cits.]" *Gadd v. Wilson & Co. Engineers*, 193 Ga. App. 713, 715 (3) (388 SE2d 875) (1989). See *Hudson v. State*, 150 Ga. App. 126, 127 (257 SE2d 312) (1979). Since this issue was not properly preserved for appellate review, the trial court did not err in denying their motion for new trial

on this ground.

2. Next, the Jileses argue the trial court erred in charging the jury that Peters "was either solely negligent or that he was guilty of concurrent negligence equal to the negligence of the driver of the vehicle in which the plaintiff was riding, if you find that vehicle driver was negligent." They assert that the trial court, in giving this charge, eliminated the concept of joint and severable liability, and the court did not correctly charge the jury on the principle of concurrent negligence.

Our review of the transcript shows that the trial court charged the jury on the principles of proximate cause, concurrent negligence, and joint and severable liability prior to its instruction to the jury on the above-quoted charge. The charge was not given "standing alone," but was part of an extensive and complete charge to the jury on concurrent acts of negligence which can proximately cause an injury, and the charges given were adequate to inform the jury of the pertinent principles of law. See *Jackson v. Lynch*, 203 Ga. App. 244 (1) (416 SE2d 564) (1992). Accordingly, we cannot say that the charge in question, considered in light of the charge as a whole, was erroneous. Id.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 10, 1995.

*Coppedge, Goddard & Leman, Warren N. Coppedge, Jr.*, for appellants.

*Downey, Cleveland, Parker, Williams & Davis, G. Lee Welborn*, for appellee.