A99A1778. HATHAWAY v. THE STATE.
(527 SE2d 894)

MILLER, Judge.

To counter evidence that he stabbed a victim 17 times, Ronnie Hathaway testified that he acted in self-defense when he saw the victim pull out a gun. The victim and all other witnesses to the stabbing denied that the victim had a gun or otherwise threatened Hathaway. The trial court instructed the jury on self-defense, and the jury found Hathaway guilty of aggravated assault. Because Hathaway's complaints about the jury instructions are without merit, we affirm.

1. Contrary to its indications in the charge conference, the court did not give an instruction requested by the State that the use of excessive force in self-defense was unjustified. After the jury charge the State objected to the omission, but Hathaway openly opposed any effort to bringing the jury back to charge them on the issue. He argued that "[i]t would bring undue emphasis to that fact and may influence the jury to think that that's extremely important. I think the prejudicial effect would outweigh the benefits from it." The court agreed and did not recharge the jury.

Reversing positions, Hathaway on appeal argues that the court erred in not giving the instruction. "One cannot complain of a judgment, order, or ruling that his own procedure or conduct procured or aided in causing."[1] Moreover, because the instruction would have pri-

---

[1] (Citations and punctuation omitted.) *McDaniel v. State*, 248 Ga. 494, 495 (2) (283

marily benefitted the State, Hathaway can show little harm in the court omitting it.[2] There is no reversible error.

2. Hathaway contends that the trial court failed to instruct the jury on the essential elements of self-defense. The record belies this contention. Not only did the court charge the language of OCGA § 16-3-21 (a), but it instructed that the State bore the burden of proving beyond a reasonable doubt that Hathaway was not justified in his actions.[3] We discern no error.

3. Hathaway claims that the court erroneously shifted the burden to him when it instructed the jury that for the use of force to be justified, Hathaway must have really acted under the influence of fear and not in the spirit of revenge. Yet not only did the court charge that the State bore the burden of disproving self-defense, but we approved similar language in *Pope v. State*.[4] We see no reason to rule otherwise here.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED JANUARY 12, 2000.

*Nancy A. Atkinson*, for appellant.
*Charles H. Weston, District Attorney, Angela J. Manson, Assistant District Attorney*, for appellee.

---

SE2d 862) (1981); compare *Goins v. State*, 177 Ga. App. 536 (1) (339 SE2d 790) (1986) (defendant timely objected to court's failure to give charge).

[2] See *Smallwood v. State*, 193 Ga. App. 807, 809 (3) (389 SE2d 390) (1989).

[3] See *Doss v. State*, 262 Ga. 499, 500 (3) (422 SE2d 185) (1992).

[4] 193 Ga. App. 384 (388 SE2d 25) (1989); compare *Reece v. State*, 210 Ga. 578, 579 (2) (a) (82 SE2d 10) (1954) (jury instruction was misleading and confusing to jury).